C. C. PERRIN v. M. L. PERRIN, Ex'x.

(Case No. 1755.)

1. TITLE TO LAND.— Where the fee to land is in an insane person, his children cannot, during his life-time, pass title from him by conveyance.

2. ESTOPPEL — QUITCLAIM DEED.— A quitclaim deed made by children of an insane person, in whom the fee is, will not estop them from asserting an after-acquired title.

3. SAME — ESTOPPEL IN PAIS.— If one, having an equitable interest in realty, requests the children of the party holding the legal title to convey to other parties, by quitclaim deed, his interest, in such case, no consideration having passed, and the realty remaining in statu quo, the grantors are not estopped from setting up an after-acquired title.   Vide Bigelow on Estoppel, sec. 387.

4. ESTOPPEL IN PAIS DEFINED.— An estoppel in pais may be defined as an express or implied admission, become indisputable by reason of the circumstance that the party claiming the benefit of it has, while acting in good faith and in accordance with the real or presumed assent of the other party, been induced by it to change his position; and the two parties may or may not have been equally innocent in effecting this change of position.

APPEAL from Hunt.   Tried below before the Hon. Green J. Clark.

In 1848 James M. and I. N. Perrin, who were brothers and non-residents of Texas, made an agreement to buy and locate land certificates in Texas.   By the terms of this agreement, I. N. Perrin was to furnish the money and James M. was to buy the certificates,

locate the lands and procure the patents — the two to be equally interested in the lands so acquired.

I. N. Perrin furnished the necessary money to purchase, locate and patent the lands in controversy, as well as several other tracts, which J. M. Perrin located and procured the issuance of patents in his own name. Afterwards, in 1852, the two brothers made a verbal partition of the lands so acquired, by which the land in controversy was set apart to I. N. Perrin. A few years after this James M. Perrin became insane and is yet alive, but insane. I. N. Perrin is dead.

In 1869 I. N. Perrin procured the making of quitclaim deeds by the children of James M. to the lands set apart to him (I. N.), in the verbal partition to his four sons, viz.: Geo. T. Perrin, Stahl Perrin, Galen C. Perrin, and this appellant, they being the only children of I. N. Perrin. These deeds were quitclaim and without consideration. The land in controversy was deeded by the children of James M. Perrin to Stahl and Geo. T. Perrin, who was the appellee's testator. At the time these deeds were made by the children of James M. to the four sons of I. N. Perrin, the appellant was a minor, was not present, and had no knowledge of the transaction.

In 1870 Geo. T. Perrin intermarried with appellee, and in 1873 he died without issue, leaving a will by which he bequeathed his interest in the land in controversy to appellee, and which was duly probated. Stahl Perrin died intestate without issue. Galen C. Perrin died leaving surviving him a widow, Nancy Perrin, and a daughter, Annie Pearl Perrin, who are parties to this action. After the death of his three sons, I. N. Perrin conveyed by deed to appellant the land in controversy, which by agreement of counsel was admitted to have been made to defeat the claim of appellee to the land in controversy.

The land in controversy was the separate property of I. N. Perrin.

Since the institution of this suit, appellant and Annie Pearl Perrin brought suit in the district court of Hunt county, Texas, against James M. Perrin and his children, and procured a judgment decreeing the title out of James M. Perrin and children to them (appellant and Annie Pearl Perrin) to several tracts of land, including that in controversy; and, as between appellant and Annie Pearl Perrin, the land in controversy here was decreed to appellant, Annie Pearl Perrin receiving her share in other lands. Appellee was no party to that suit, nor are James M. Perrin and his children parties.

Upon these facts the court held that appellant was estopped to deny the claim of appellee to one-half interest in the land in controversy, and decreed partition.

*Perkins, Gilbert & Perkins,* for appellant.

*Mathews & Neyland* and *W. C. Jones,* for appellee.

STAYTON, ASSOCIATE JUSTICE.— Under the admitted facts, the equitable title to one-half of the land acquired under the contract between I. N. and James M. Perrin was in the former, while the legal title to the whole was in the latter.

It is also true that, through the parol partition made by I. N. and J. M. Perrin, the equitable title to the land set apart to the former vested in him, freed from any claim of the latter, who simply held the legal title to the particular tracts of lands so set apart to I. N. Perrin, in trust for him.

The appellee does not claim the land in controversy through any conveyance made either by I. N. or J. M. Perrin; hence she has neither the legal nor equitable title to the land, unless the same passed by the conveyances made by the children of James M. Perrin while he was still alive.

Although James M. Perrin became insane after the parol partition between himself and I. N. Perrin, yet no title to the land, either legal or equitable, passed to his children so long as he lived, and they having no title, could not pass title by any conveyance they might make.

It is claimed, however, that the appellant, who claims under a conveyance made by I. N. Perrin, is estopped from asserting that the conveyances made by the children of James M. Perrin while he was still alive, at the request of I. N. Perrin, did not pass title to the land sued for to the sons of I. N. Perrin through whom the appellee claims.

The deeds made by the children of J. M. Perrin were but quitclaims, made without the payment of any consideration whatever, and would not operate even as against them so as to estop them from asserting an after-acquired title; and the sole ground on which an estoppel is claimed is, that I. N. Perrin, in whom was the equitable title, requested the children of J. M. Perrin to make the several conveyances which they did make to his sons.

If I. N. Perrin, holding only the equitable title to the land, with a view to make a partition of the lands so owned, had requested the holder of the legal title to convey the lands in several parts to his children, and this had been done by a holder of the legal title, com-

petent to convey, it is likely true that neither a court of law nor a court of equity would have disturbed the legal title so conveyed, at the suit of any one claiming through a subsequent conveyance made by I. N. Perrin, with notice of the former transaction.

This, however, is not such a case. It is a case in which the holder of the equitable title requested persons having no title at all to convey to his children the land which he equitably owned. Do such facts create an estoppel *in pais* or an equitable estoppel?

"An estoppel *in pais* may be defined as an express or implied admission become indisputable by reason of the circumstance that the party claiming the benefit of it has, while acting in good faith and in accordance with the real or presumed assent of the other party, been induced by it to change his position. And the parties may have been *equally innocent* in effecting this change of position, or they may *not* have been *equally innocent*." Bigelow on Estoppel, 387.

If, under the facts of this case, it be admitted that the request of I. N. Perrin to the children of James M. Perrin, to make quitclaim deeds to his own children, is to be construed as an admission that the children of James M. had an interest in the land which they could convey, even then, the facts which would make such an admission binding on I. N. Perrin, or those claiming through deeds made by him, are not shown to have existed. No consideration whatever was paid to secure such conveyances; no possession of the lands in controversy was taken, nor have moneys or labor been in any manner expended on the lands, or on account of the conveyances made by the children of James M. Perrin.

It is not shown that the making of these deeds in any manner affected the conduct of the appellee, or the person through whom she claims, nor that the position of either has been in any respect changed thereby. This being true, there can be neither an estoppel *in pais* nor an equitable estoppel.

If, under conveyances such as were made by the children of James M. Perrin, I. N. Perrin, holding the equitable title to the land, had placed his own children in possession of the lands, he and they relying on the conveyances so made to pass title, and they, relying on such fact, so changed their positions, by the expenditure of money on the land, by making valuable improvements thereon, or otherwise, so that wrong must result to them if the conveyances made to them are not given the effect which the parties understood them to have before and at the time of change of position, then it ought to be held that I. N. Perrin, and all persons claiming through him by subsequent conveyance, with notice of the former transaction,

were estopped. No such case, however, is shown, and the judgment must be reversed, and such judgment here rendered as ought to have been rendered by the court below, which will be that the appellee take nothing by her suit, and that the appellant recover all costs in the court below and in this court; and it is accordingly so ordered.                                    REVERSED AND RENDERED.

[Opinion delivered November 25, 1884.]