OLSON v. BURTON et al.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 11, 1911.)

1. APPEAL AND ERROR (§ 1033*) — HARMLESS ERROR—INSTRUCTION FAVORABLE TO APPELLANT.

In an action upon an account for work done, which defendant claimed was discharged by a settlement, an instruction that if the jury believed that the work . was completed in accordance with the contract, and that there was no final settlement, verdict should be for plaintiff, was not harmful to defendant though erroneous in imposing on plaintiff the burden of refuting the affirmative defense of settlement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

2. TRIAL (§ 296*) — INSTRUCTION — CURE OF ONE INSTRUCTION BY ANOTHER.

In an action upon an account, which defendant claimed had been discharged by an ·accord and satisfaction, where two instructions charged that plaintiff must establish his case by preponderance of evidence, an instruction charging that a settlement would be binding, unless there was a mutual mistake, could not have misled the jury into believing that plaintiff was relieved of the burden of establishing his plea of mutual mistake.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713; Dec. Dig. § 296.*]

3. TRIAL (§ 253*)—INSTRUCTIONS — APPLICABILITY TO ISSUES.

Where defendant pleaded an accord and satisfaction, and plaintiff pleaded that it was not binding because of mutual mistake, requests by plaintiff which ignored the issue of mutual mistake were properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

4. ACCORD AND SATISFACTION (§ 12*)—PART PAYMENT—ACCEPTANCE.

Where there was a controversy between parties as to the amount due on an account, the creditor's acceptance of a check, stating that it was in full satisfaction for all demands, works an accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, ·Cent. Dig. §§ 92–97; Dec. Dig. § 12.*]

5. CONTRACTS (§ 284*)—BUILDING ·CONTRACTS —CONSTRUCTION.

A building contract providing that the contractor agreed to pay the subcontractor when all the work was accepted by the architect did not make the architect a judge of whether the work was completed according to specifications.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 284.*]

6. CONTRACTS (§ 305*) — PERFORMANCE — ACCEPTANCE—EQUITABLE ESTOPPEL.

That a contractor accepted work done by a subcontractor, and failed to complain that it was not in accordance with the contract, did not estop him from asserting that the work was inferior, for such conduct did not induce the subcontractor to change his position in any particular.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1469; Dec. Dig. § 305.*]

Appeal from Palo Pinto County Court; J. C. Houts, Judge.

Action by C. L. Burton against A. J. Olson and another. From a judgment for plaintiff, the named defendant appeals. Reversed and remanded.

Earl Conner and J. T. Ranspot, for appellant. Penix & Eberhart and Brown & Wilson, for appellees.

DUNKLIN, J. C. L. Burton recovered a judgment against A. J. Olson, as principal, and Marion Phillips, as guarantor, and Olson has appealed.

[1] The basis of Burton's suit was an account for a balance claimed to be due Phillips originally for work performed by him at Olson's instance, and which account was transferred to Burton by Phillips; the latter giving to Burton at the time a written guaranty of payment. Olson was the contractor for the construction of a courthouse in Stanton, and by written contract sublet to Phillips certain parts of the work. He paid to Phillips numerous sums aggregating more than $1,600, and the account of $220.50 sued on was the amount claimed by Phillips as the balance due for the entire work. Olson pleaded a payment to Phillips of $291.50 under an agreement between the parties that the same should be in full satisfaction of the balance due for the entire work done by Phillips. Ol-

son further pleaded that the work done by Phillips was of a quality inferior to and was worth less than the work which he had agreed to perform, and that the contract price should be abated by reason thereof.

The court instructed the jury as follows:

"(1) Now if you find and believe from a preponderance of the evidence that the defendant Phillips completed his work on the courthouse at Stanton, Tex., in compliance with the written contract entered into between himself and A. J. Olson, and you further believe that the said Olson failed to pay to the said Phillips all that was due him under said contract, and that there was no final settlement between them, and you further believe that the said Phillips transferred his said claim against defendant Olson to plaintiff for a valuable consideration, and guaranteed its payment in writing, you will find for the plaintiff in such sum as you may find to be due on said contract not to exceed the amount sued for, with 6 per cent. interest from August 31, 1909.

"(2) On the other hand, you are instructed that if you believe from a preponderance of the evidence that there was a settlement had between defendant Olson and the defendant Phillips of the matters mentioned in plaintiff's petition, and that the sum due from Olson to Phillips was agreed on by them, then such agreement would be binding on the parties, and the same cannot in this case be set aside unless it is shown that there was a mutual mistake made in such settlement, if there was a settlement. Therefore, if you find that there was a settlement had between Olson and Phillips on or about the 17th day of May, 1909, and that the sum due from Olson to Phillips was agreed on by them at said time, and you further find that there was no mutual mistake made between them on that occasion, then defendant Olson would not be liable in this suit; but, if there was such mutual mistake, such settlement, if there was a settlement, would not be binding on any of the parties.

"(3) The burden is on the plaintiff to establish his right to recover by a preponderance of the testimony, and if he has failed to do your verdict will be for the defendant Olson, the defendant, plaintiff is liable on his guarantee to the plaintiff in any event. You are the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given to their testimony, but you will receive the law from the court, and be governed thereby."

There was no error in the instruction given and quoted above of which Olson could complain; but in the first paragraph of the charge there was an error against Burton in placing upon him the burden to refute the plea of settlement urged by Olson.

[2] The instruction given in the second paragraph of the charge was an affirmative presentation of Olson's plea of accord and satisfaction. In effect, the jury were told that, if Olson and Phillips had made the settlement pleaded, then a verdict should be returned in favor of Olson in the absence of a further finding that such settlement was made under a mutual mistake of the parties relative to the controversy settled. The jury could not have understood by this instruction that plaintiff was relieved of the burden placed upon him by the first and third paragraphs of the charge to make out his case by a preponderance of the evidence before a verdict could be returned in his favor. In view of another trial, however, we would suggest that the burden was upon Burton to sustain by a preponderance of the evidence his plea of mutual mistake in the settlement, and the jury should be so instructed.

[3, 4] Appellant complains of the refusal of his requested instructions Nos. 2 and 4, the effect of which was that the jury should return a verdict in favor of Olson, if they should find in favor of his plea of accord and satisfaction. These instructions were properly refused because each ignored the plea of mutual mistake in the settlement urged by Burton and amounted to a peremptory instruction against such plea, notwithstanding Burton had introduced evidence tending to support it. To sustain his plea of settlement, Olson introduced evidence to show that he gave a check for $291.50 to Phillips, reciting that it was in full satisfaction for all demands by Phillips for work done. Phillips introduced evidence to show that he did receive a check from Olson for the amount stated, but that it contained a recitation that the same was in part payment for the work done. Upon another trial we suggest that the jury should be instructed that, if Phillips accepted a check with the stipulation therein that it was in full satisfaction for all work, then, in the absence of any mutual mistake of the parties in that transaction, the check would be conclusive and binding upon both parties, and would preclude Burton from a recovery against Olson. See Cristler v. Williams, 130 S. W. 608; Hunt v. Ogden, 125 S. W. 386. By special instruction No. 3 Olson sought to have his plea of failure of consideration presented. As there was evidence tending to support this plea, the court should have instructed the jury upon the issue so presented, but failed to do so. The requested instruction, however, was incorrect, in that it did not give the proper measure for estimating the amount of offset to be allowed upon the account in the event the plea should be sustained.

[5] The court also gave the following special instruction requested by Burton: "In this case you are charged that, if you believe and find from the evidence that the work of defendant Phillips was accepted by the architect on the Stanton county courthouse, then defendant Olson cannot offset plaintiff's claim in whole or in part by defective work, if any,

done by defendant Phillips." This instruction was erroneous. A stipulation in the contract immediately following a statement of prices to be paid for various items of work reads: "Which said Olson agrees to pay to said Phillips the above-mentioned prices when all work has been accepted by architect in estimates of 75 per cent. of work done, except the first one hundred dollars to be held back as a guarantee of good faith until work is completed." Evidently the purpose of this stipulation was to fix the time when the payments were to become due. It lacked the essential elements of an agreement that the architect should be the arbiter to determine and settle differences that might arise upon the question whether or not the work had been completed according to the terms of the contract, and there was evidence tending to show that the work was not in accordance with the contract.

[6] Nor do we think that Olson's acceptance of the work done by Phillips and his failure to make complaint that it was not in accordance with the contract should have the effect to estop Olson from asserting his plea of failure of consideration as was contended by Burton in his supplemental petition; no evidence appearing to show that by reason of those facts Phillips was induced to change his position in any particular. Perrin v. Perrin, 62 Tex. 477.

For this error, the judgment must be reversed and the cause remanded, and it is so ordered.