**RUSSELL BROWN CO. v. CHRISTIANSEN et ux. (No. 673.)**

(Court of Civil Appeals of Texas. Beaumont. May 4, 1921. Rehearing Denied May 18, 1921.)

Contracts ⬮➡304(2)—Execution to contractor of written acceptance of house by owners held not an estoppel against them.

Where the owner of a house under construction for him and his wife executed written acceptance of the work to enable the contractor to negotiate and cash the notes executed by him and wife as part payment for the improvement, such action being on the express understanding the acceptance was not to be treated as a compliance in full by the contractor with the building contract, there is no element of estoppel as against the owner and wife by reason of such execution of the written acceptance and taking possession by them.

Appeal from Harris County Court; Roy F. Campbell, Judge.

Suit by Louis E. Christiansen and wife against the Russell Brown Company. From

judgment for plaintiff, defendant appeals. Affirmed.

E. T. Chew, of Houston, for appellant.
Jones & Parish, of Houston, for appellees.

HIGHTOWER, C. J. We take the following statement of the nature and result of this suit from appellant's brief:

"The plaintiffs, Louis E. Christiansen and wife, brought this suit against the Russell Brown Company for damages, alleging that on or about the 3d day of October, 1917, plaintiffs and defendants entered into a mechanic's lien contract whereby it was agreed that the defendant, the Russell Brown Company, would build plaintiffs a one-story, frame cottage on a lot owned by plaintiffs in the city of Houston, alleging the consideration for said improvements to be $4,300.

"Plaintiffs alleged that the improvements were not completed in a good and workmanlike manner according to the plans and specifications governing the erection of said improvements; that a short time after they took possession of said house leaks appeared in the roof in numerous places, all of which resulted in their damage in the sum of $700, being the amount reasonably necessary to complete said improvements according to said plans and specifications. Plaintiffs alleged that defendant, the Russell Brown Company, undertook to cure said defects and leaks on numerous occasions, but that some of said leaks still existed, and that as a direct result of said leaks the wall paper in plaintiffs' house had been damaged by the water leaking through said roof also damaging furnishings and wearing apparel to the extent of $200, asking a judgment against defendant in the sum of $900.

"Defendant, the Russell Brown Company, after its general demurrer and special exceptions and general denial, alleged that it was not true that defendant had failed to erect said house in keeping with the plans and specifications, according to agreement between the parties, and which were to govern the erection of same. Defendant alleged that the house and improvements were erected in full compliance with the plans and specifications governing the erection of same and that said plans and specifications were adhered to strictly in the erection of said improvements, save and except in special instances when plaintiffs themselves requested changes and then said changes from the original plans and specifications were made under the personal supervision of plaintiffs and at their special instance and request.

"Defendant alleged that when said improvements were completed that plaintiffs made a final inspection of every part of said improvements and accepted said improvements with the exception only of several little things to be done, which were written down by the parties and which were afterwards fully done and completed by defendant to plaintiffs' approval and satisfaction.

"Defendant further alleged that after said building and improvements had been finally gone over and inspected by plaintiffs and after plaintiffs had signified their satisfaction and

willingness to accept said improvements as completed in full compliance with the plans and specifications, both of said plaintiffs signed a written acceptance of said building and improvements, said written acceptance being alleged to be as follows:

" 'State of Texas, County of Harris.

" 'Whereas, L. E. Christiansen and N. J. Christiansen, we the undersigned, executed a contract in writing placing a mechanic's lien on the following described property, situate in Harris County, Texas, viz.: [Here follows description of the lot on which the improvements were placed] in favor of the Russell Brown Company, to secure the payment of forty-three hundred ($4,300.00) dollars agreed to be paid by us for certain improvements agreed to be erected by said the Russell Brown Company, on said property, which contract is recorded in volume 48, page 504, of the Harris County Contract Records; and whereas, said improvements have now been completed:

" 'Now, therefore, we hereby acknowledge and represent that said improvements have been erected and said labor performed and material furnished by said the Russell Brown Company, in full performance of said contract on the part of the Russell Brown Company, and this representation is made in order that any purchaser of said indebtedness from the said the Russell Brown Company may be assured that said improvements have been completed according to said contract and that said indebtedness is a valid and subsisting lien against said property.

" 'Witness our hands at Houston, Texas, this 14th day of December, A. D. 1917.

" '[Signed]     L. E. Christiansen.
" 'Mrs. L. E. Christiansen.'

"Defendant alleged that, by reason of the full and complete acceptance of said improvements by plaintiffs and the full and complete acknowledgment on their part in writing and by taking possession of said improvements, said improvements had been and were completed in full compliance with said plans and specifications; that plaintiffs thereby fully estopped themselves, and are now barred from setting up and claiming that said improvements were not completed in full compliance with said plans and specifications—which plea of estoppel was specially pleaded.

"Defendant further alleged, only in the alternative, and only in case it was required to do so, that some time after said improvements had been completed plaintiffs complained of the roof leaking in some places; that immediately defendant made an inspection of said roof and had same gone over and repaired. That this was always done by defendant to maintain the good will of its patrons. That in the same spirit defendant on several occasions sent workmen upon the roof to stop further leaks complained of to defendant by Mrs. Christiansen. '

"That defendant had at all times exhibited a willingness, aside from its obligation to do so, to satisfy plaintiffs in any reasonable particulars as to said roof or the stopping of said leaks.

"Defendant further alleged that during the year of 1918, up to the time of filing its answer in this suit, it had had a great deal of trouble to get competent men to work on roofs, and while it has had difficulty in so doing its intention to bring about satisfactory results has

always been in evidence. Defendant further alleged that if there were leaks in plaintiffs' roof, same could easily be fixed by any competent, painstaking workman who would go over said roof and find the leaks, and defendant alleged that with such a workman such leaks as may have existed in plaintiffs' roof could be easily found and corrected.

"Defendant further alleged that at the time of filing its answer it had again obtained a competent and skillful workman who could and would stop any leaks in said roof; that the very best shingles obtainable were placed upon said roof, and that because there were a few leaks in the roof that this furnished no reason or excuse for plaintiffs to demand a new roof upon said house or to arbitrarily take a stand for a new roof under the circumstances.

"Defendant further alleged that for the sum of $75 said roof could be repaired with an absolute guaranty from an expert roof man.

"Defendant further alleged that the damage to his paper was confined to spots on the ceiling, and that same could be repaired at a cost not to exceed $20.

"Plaintiffs, by their first supplemental petition, after special exception and general denial, set up that the acceptance of said building by plaintiffs was executed by them to defendant to permit the defendant to sell the notes executed by plaintiffs to defendant, and that they are therefore not estopped.

"Plaintiffs further alleged that the house was not erected according to said plans and specifications, in that the roof did not have proper slope, and that defective shingles were placed on said roof, and that because thereof the house was not completed in full compliance with the plans and specifications.

"A trial of this cause was had before the court, and judgment was rendered by the court in favor of plaintiffs against defendant in the sum of $525, with interest thereon at the rate of 6 per cent. from January 1, 1920."

This appeal is from the judgment so rendered.

By the first assignment of error it is contended that the trial court was in error in rendering judgment for plaintiffs in any sum, because plaintiffs had given and executed to defendant the written acceptance of said building, which we have set out above, and took possession of same, and that this constituted an estoppel against plaintiffs, and that they could not be heard to say that the house was not built in accordance with the contract between the parties.

The written acceptance which we have copied above was introduced in evidence, but Mr. Christiansen testified, unequivocally, that this written acceptance was executed by himself and wife at the request of appellant, for the purpose only of enabling appellant to negotiate and cash the notes executed by appellees as part payment for these improvements, and that it was expressly understood between the parties, at the time, that the written acceptance was not to be treated as a compliance in full by appellant with the building contract. If this written acceptance of the improvements and possession

thereof by appellees was taken with the purpose only, and with the understanding of enabling the appellant to negotiate and cash the notes, as alleged by appellees and testified by Mr. Christiansen, we fail to see any element of estoppel by reason of the execution of this instrument and the taking of possession by appellees.

Counsel for appellant have not, in our opinion, cited a single authority from the courts of this state in support of the contention of estoppel here made. On the contrary, we think that the cases of Meyer v. Martin, 50 S. W. 470, and Olson v. Burton, 141 S. W. 549, and other cases cited by appellees against the contention of estoppel, show that such contention of appellant cannot be sustained, and the assignment is therefore overruled.

By the second, third, and fourth assignments, it is complained, substantially, that the trial court's judgment was erroneous, because, as contended by appellant, the uncontradicted testimony in the case showed conclusively that the improvements called for in the contract were erected and completed in accordance with the plans and specifications in the contract, and in a skillful and workmanlike manner, and therefore no recovery whatever ought to have been awarded the appellees.

Without going into the details relative to these assignments, we have concluded, after inspection of the record, that there was evidence before the court upon which he was authorized to find and conclude that the building called for in this contract, in so far as the roof of the house was concerned, was not erected in accordance with the plans and specifications and in a skillful and workmanlike manner, and that therefore the finding and holding of the trial court upon that point cannot be disturbed, and we therefore overrule these assignments.

The fifth assignment complains that the amount of the judgment, $525, is excessive, the contention being that the uncontradicted evidence showed that such leaks, if any, as were in the roof could be quickly and easily remedied by any competent person, and that the cost of remedying and putting the roof in such condition as the contract called for would not exceed $75.

We have carefully considered all the testimony found in the record, both pro and con, touching this contention, and we again say that we have concluded that the trial judge was authorized to find that it would cost as much as, if not more than, $525, to repair the roof and make it conform to the contract between the parties.

The trouble about the contentions of counsel for appellant in this case, as we see it, is that they have assumed that such contentions as are made by them were shown to be true by the uncontradicted testimony in the case, whereas, we think, on the contrary,

that the whole matter in controversy was one of fact by the evidence to be determined by the trial judge. All assignments of error are therefore overruled, and the judgment will be affirmed.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes