Leonard MIZELL, d/b/a Mizell Construction Company and Truck Line, Appellant,

v.

LONGHORN SUPPLY COMPANY, Inc., Appellee.

No. 12838.

Court of Civil Appeals of Texas.

Galveston.

May 12, 1955.

Wm. H. Hamblen, Edna, Lewright, Dyer, Sorrell & Redford, Corpus Christi, for appellant.

Baker, Botts, Andrews & Shepherd, Houston, for appellee.

CODY, Justice.

This suit was instituted in the District Court of Harris County against Tower

Engineering Company, Inc., hereafter referred to as Tower, for the balance of the sum due on contract and for the sum of $10,587.75, being the value of goods, wares and merchandise claimed by appellee to have been sold to Tower on open account, and the suit was also against appellant, Leonard Mizell, d/b/a Mizell Construction Company and Truck Line, upon appellant's written contract guaranteeing the payment of the sums sued for. Appellant seasonably filed his plea of privilege to be sued in Jackson County, the county of his residence, which plea was controverted by appellee which relied principally upon Subdivision 4 of R.C.S. Article 1995 to maintain venue in Harris County. Subdivision 4 reads: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *" It is undisputed that Tower was domiciled in Harris County.

Following the filing of appellant's plea of privilege, Joel W. Cook, an attorney of Houston, filed an amicus curiae appearance, wherein he averred that Tower had theretofore been adjudicated a bankrupt and that the bankruptcy proceedings relating to the estate of said bankrupt are now pending in the District Court of the United States for the Southern District of Texas, Houston Division, and asserting in effect that the jurisdiction over Tower in the Federal courts was exclusive. Upon a hearing of the contest, an order was entered refusing to sustain the appellant's plea of privilege.

Appellant predicates its appeal upon a single point of error, complaining of the court's refusal to sustain his plea of privilege and transfer the action to Jackson County, the place of his residence.—We overrule appellant's point, and sustain the action of the trial court in refusing to sustain said plea of privilege.

The venue facts which it was incumbent upon appellee to establish to qualify under Subdivision 4 of R.C.S. Article 1995 are clear. The plaintiff has the burden (1) of proving that one of the defendants is a resident of the county where suit was brought, (2) he must plead and prove a cause of action against the resident defendant, (3) he must allege a joint cause of action against the resident and nonresident defendant "or a cause of action against the resident defendant so intimately connected with his cause of action against the nonresident defendant as that they are properly joinable; proof of which is supplied by the allegations of his petition. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300." Glens Falls Indemnity Company v. Sterling, Tex.Civ. App., 213 S.W.2d 858, 861. On the hearing appellee proved: (1) Tower is a resident of Harris County where the suit was instituted; (2) that it had a bona fide cause of action against defendant Tower for goods, wares and merchandise sold and delivered to Tower in December of 1952 and January of 1953 in an amount in excess of $10,000; and (3) that appellant was a proper party.

Mizell in no way questioned the case made out by appellee on the plea of privilege contest but Mizell took the position that the state court had no jurisdiction over Tower because of the bankruptcy proceedings and sought to have the court hold that Subdivision 4, aforesaid, would have no application since, according to appellant's contention, the state district court had no jurisdiction over Tower. The basis for appellant's claim that the state court had no jurisdiction over appellant is its claim that the Federal District Court has exclusive jurisdiction over the cause of action alleged against Tower and to adjudicate the same because of the bankruptcy proceedings.

Appellant has cited many loose statements from the opinions of many courts which, upon their face, would seem to sustain his contention. These, however, need not be noted because in proceedings which are the legal equivalent of the proceeding with which we are now dealing it has been held that the state court does have jurisdiction. Indeed, Section 11, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. a, provides:

"A suit which is founded upon a claim from which a discharge would be a release,

and which is pending against a person at the time of the filing of a petition by or against him, shall be stayed until an adjudication or the dismissal of the petition; if such person is adjudged bankrupt, such action may be further stayed until the question of his discharge is determined by the court after a hearing, or by the bankrupt's filing a waiver of, or having lost, his right to a discharge, or, in the case of a corporation, by its failure to file an application for a discharge within the time prescribed under this title: Provided, however, that such stay shall be vacated by the court if, in a proceeding under this title commenced within six years prior to the date of the filing of the petition in bankruptcy, such person has been granted a discharge or has had a composition confirmed, or has had an arrangement by way of composition confirmed, or has had a wage earner's plan by way of composition confirmed."

This provision for a stay of proceeding until an adjudication or the dismissal of the petition would have no place in the law if there was no jurisdiction and consequently no proceedings to be stayed. Our Supreme Court recognizes that a state court does have jurisdiction over a bankrupt. Flanagan v. Pearson, 42 Tex. 1, 6, 7; F. Hickcock's Sons v. Bell, 46 Tex. 610, 615–617. In F. Hickcock's Sons v. Bell, supra, the court held: "It is not the duty of the court to stay proceedings, upon being advised that the debtor has filed his petition in bankruptcy, whether asked to do so or not. * * *

"Notwithstanding the defendant's bankruptcy, a valid judgment can be rendered against him, unless he avails himself of the proceedings in bankruptcy."

Thus, a co-defendant with a bankrupt has no concern with the privilege of a bankrupt to avail himself of proceedings in bankruptcy, nor of the bankrupt court to stay proceedings. See W. C. Belcher Land Mortgage Co. v. Bush, Tex.Civ.App., 67 S.W. 444, error refused; Perkins Dry Goods Company v. Dennis, Tex.Civ.App., 54 S.W. 2d 1078; Elwood Grain Co. v. Walker Grain Co., Tex.Civ.App., 254 S.W 223.

The record in this case shows that Tower, though served with citation, made no appearance in the case. It did not seek to stay proceedings in the state court. This suit is one in personam. It was not a suit to affect the estate of the bankrupt. It would be an advantage in administering the estate of a bankrupt to have claims against the bankrupt liquidated by a judgment and it would be an advantage to the appellant in this case to have his judgment over against the bankrupt. See Texas Fidelity & Bonding Co. v. First State Bank of Channing, Tex.Civ.App., 149 S.W. 779, 780, error refused; Manufacturer's Finance Corp. v. Vye-Neill Co., D.C., 46 F.2d 146, affirmed 1 Cir., 62 F.2d 625.

For the reasons given, the judgment will be affirmed.