**ALICE MEDICAL AND SURGICAL CLINIC et al., Appellants,**

v.

**Mrs. C. A. BARKER, Jr., et vir, Appellees.**

No. 13818.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 25, 1961.

House, Mercer, House & Brock, San Antonio, for appellants.

Raymond L. McDermott, Houston, Arthur Klein, Harlingen, for appellees.

MURRAY, Chief Justice.

This is a plea of privilege case. It was instituted by Mrs. C. A. Barker, Jr., and her husband, C. A. Barker, Jr., in the District Court of Calhoun County, Texas, against the Alice Medical and Surgical Clinic, Inc., a corporation with its office and place of business in Jim Wells County, Texas, hereinafter referred to as Clinic, Inc., Dr. P. S.

Joseph and J. A. Schubert, both residents of Jim Wells County, and Austin F. Drexler, a contractor and resident of Calhoun County, for damages growing out of the death of their nine-year-old son, David Arthur Barker. The boy's death was alleged to have occurred as a result of burns received by him while playing with a can of solvent or other liquid of a highly inflammable nature, in or about a pile of rubbish located on property owned by Clinic, Inc., in Jim Wells County, which can of solvent or other liquid had theretofore been thrown out by one or more of the employees of Austin F. Drexler during the process of the construction of the clinic upon its said property.

All of the defendants except Drexler filed pleas of privilege to be sued in Jim Wells County, which, after a hearing, were overruled, and these three defendants have prosecuted this appeal.

◼ Appellants contend that appellees failed to prove a cause of action against Drexler, the only defendant residing in Calhoun County. Appellees were attempting to hold venue in Calhoun County under Subdivision 4 of Art. 1995, Vernon's Tex. Civ.Stats. Under this subdivision it is necessary to allege and prove a cause of action against the resident defendant, and to allege a joint cause of action against the nonresident defendants or one against the resident defendant so intimately connected with the cause of action against the nonresident defendants that they are properly joinable. Proof of the latter is supplied by the allegations of the petition. Mizell v. Longhorn Supply Company, Tex.Civ.App., 279 S.W.2d 167. It is not necessary to prove a cause of action against the nonresident defendants. Le Blanc, Inc. v. First National Bank of Bay City, Tex.Civ. App., 320 S.W.2d 886.

◼ The trial court having overruled appellants' pleas of privilege, in the absence of findings of fact, we must presume that all fact issues which the pleadings and the evidence will support, were resolved in favor of the judgment rendered. York v. Wells, Tex.Civ.App., 299 S.W.2d 716. In reviewing the evidence, we will disregard all adverse evidence and give credit to all evidence that is favorable to appellees. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97. Appellants here have raised only the contention that there is "no evidence" to support the judgment.

◼ We conclude that there is "some evidence", as that term is understood in law, to make out a case against Drexler, the resident defendant. The evidence shows that Drexler was the general contractor who built the clinic building in Alice, Jim Wells County. He entered into the contract on March 8, 1958. On October 28, 1958, Clinic, Inc., acting through its officers, signed an acceptance agreement with Drexler, only for the purpose of letting him receive his final payment, to pay his sub-contractors and employees. He obligated himself to finish all of the terms of the contract that remained unfinished. The contract provided, in effect, that Drexler would clean up the premises. The evidence would justify a finding that he agreed, at the time he received the balance due him, that he would come back and clean up the premises. The fact that the written acceptance was signed under the circumstances did not relieve Drexler from his duties under the contract, or the promises he made in order to get the acceptance signed. Russell Brown Company v. Christiansen, Tex.Civ.App., 230 S.W. 744.

◼ The evidence would justify a further finding that either Drexler or his employees put the trash, including the cans containing the inflammable liquid, in the trash pile at the rear edge of the clinic property, and, under the circumstances, it was Drexler's duty to come back and clean up this trash, which he negligently failed to do. David Barker discovered these cans containing the inflammable fluid, opened them, spilled some of the fluid on his clothes, built a fire, and while pouring some of the fluid upon the fire his clothes

caught on fire and he was severely burned. These burns ultimately caused his death. The evidence would further justify a finding that the trash pile was especially attractive to children, and that David Barker and his playmates were attracted to this trash pile; that Drexler, as well as Dr. Joseph and Schubert, had seen children playing in the vicinity of the trash pile and were therefore charged with knowledge that children were likely to be playing near this trash pile; that the trash pile could be seen from the street and was partly upon an alley-way that was back of the clinic property.

David Barker was nine years of age, and it was the duty of the trial court to determine whether he was of such tender years as not to realize the danger of setting fire to the inflammable liquid.

David Barker and his playmates were not trespassers when they were in the alley-way or on the property of the clinic near the trash pile, but whether they were trespassers or not is immaterial, because the appellants knew, or were charged with knowledge, that small children had been playing in the vicinity of the trash pile, and were likely to be there again; that the trash pile would be attractive to small children and was extremely dangerous to them; that such children, due to their tender years, would not realize this danger; that the trash pile was of no utility to the appellants, and the cost of removing it would be very small. Eaton v. R. B. George Investments, Inc., 152 Tex. 523, 260 S.W.2d 587; Banker v. McLaughlin, 146 Tex. 434, 208 S.W.2d 843, 8 A.L.R.2d 1231; Courtright v. Southern Compress & Warehouse Co., Tex.Civ.App., 299 S.W.2d 169.

It is true that Drexler did not own the premises on which the trash pile was located, but it was established that it was his duty to clean up the trash pile, and his failure to do so, under all the circumstances, constituted actionable negligence against him. Natatorium Laundry Co. v. Saylors, Tex.Civ.App., 131 S.W.2d 790; Johns v.

Fort Worth Power & Light Co., Tex.Civ. App., 30 S.W.2d 549; Little v. James Mc-Cord Co., Tex.Civ.App., 151 S.W. 835.

The judgment of the trial court overruling the pleas of privilege is affirmed.