**UNION TERMINAL COMPANY, Appellant,**

**v.**

**Ernest B. McDONALD, Appellee.**

**No. 13429.**

Court of Civil Appeals of Texas.

Houston.

May 28, 1959.

Jackson, Walker, Winstead, Cantwell & Miller, D. L. Case, Dallas, for appellant.

Irving G. Mulitz, Houston, for appellee.

**562**

BELL, Chief Justice.

Appellee sued appellant and Texas and New Orleans Railroad Company in Harris County to recover damages for personal injuries received by him in Dallas County through the alleged negligence of both defendants. Appellee's petition alleged that appellant was a corporation operating a railroad system in Dallas County. Appellee alleged he resided in Harris County.

Appellant filed its plea of privilege to be sued in Dallas County where it had its principal office and where it operated its railway system. It set up that it had no agent in Harris County and did not operate its business in Harris County. It contended that under Article 1995, Subd. 25, Vernon's Ann.Tex.Civ.St., venue was in Dallas County.

Appellee in his controverting plea contends that under Subd. 4 of Article 1995, appellant may be sued in Harris County with Texas and New Orleans Railroad Company which has its principal place of business in Harris County.

The judgment of the Trial Court overruling the plea of privilege shows that no evidence was heard. No attack is made on the form of the plea of privilege.

 A proper plea of privilege having been filed, the burden is on the plaintiff under said Subd. 4 to prove a cause of action against the resident defendant and to allege a joint cause of action against the resident and non-resident defendants or a cause of action against the resident defendant so intimately connected with his cause of action against the non-resident defendant as that they are properly joinable.

The appellee, having introduced no evidence to establish residence of Texas and New Orleans Railroad Company and having introduced no evidence showing a cause of action against Texas and New Orleans Railroad Company, the alleged resident, the Court should have sustained the plea of privilege.

Too, we think Subdivision 25 is a mandatory provision and controlling over Subdivision 4. Lewis v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 229 S.W.2d 395, error dism.; and Texas & N. O. R. Co. v. Tankersley, Tex.Civ.App., 246 S.W.2d 253.

The judgment of the Trial Court is reversed and judgment is rendered transferring the cause as to appellant to the District Court of Dallas County.