A. G. WILLIAMS et al., Appellants,

v.

Jimmie Lee BAIN et vir, Appellees.

No. 6900.

Court of Civil Appeals of Texas.
Amarillo.

Dec. 21, 1959.

Rehearing Denied Jan. 18, 1960.

Cade & Bowlin, Lubbock, for appellants.

Lumpkin, Watson, Dunlap & Smith, Amarillo, for appellees.

NORTHCUTT, Justice.

This suit was filed in Potter County by the plaintiffs, who reside in Hale County, Texas, against A. G. Williams, B. T. Bridges and Vernon Crues, who reside in Hale County, Texas. Another defendant was Rip Rogers, who is alleged to reside in Potter County, Texas. It grew out of an altercation between Rip Rogers, a wrestler and Jimmie Lee Bain, plaintiff, at a wrestling match held in Hale County, Texas.

Defendants A. G. Williams, B. T. Bridges and Vernon Crues filed a plea of privilege to remove the case to the District Court of Hale County, Texas. The plea of privilege was overruled by the trial court and from that order the appellants have perfected this appeal.

The appellants present their appeal upon the following points of error:

*"First Point:*

"The error of the trial court in holding these defendants liable for the act of an independent contractor.

*"Second Point:*

"The error of the trial court in holding these defendants liable for the act of a wrestler at a regular wrestling match supervised by a duly appointed referee.

*"Third Point:*

"The error of the trial court in holding these defendants liable when they were merely a committee of the Kiwanis Club of Plainview in promoting an athletic event for charitable purposes.

*"Fourth Point:*

"The error of the trial court in overruling the plea of privilege in this case when the pleadings and proof clearly show no liability as against these defendants-appellants."

The sole question here involved is whether venue should be held in Potter County, under Exception 4 of Article 1995, of Texas Civil Statutes. No service was had upon Rip Rogers, the party alleged to be the defendant residing in Potter County. It was admitted that no service of process was had upon him at the hearing on this appeal. We have not been cited to a Texas case and, neither have we found one, determining the question as to whether venue could be retained in Potter County where the appellees were relying upon holding the case because of the allegation that Rogers was a resident of Potter County when the plea of privilege was acted upon. Rogers had never been served with process. In the case of King v. Moore, 224 S.C. 400, 79 S.E.2d 460, 463, under a like statute, venue was sought to be maintained in Berkeley County, the alleged residence of one Mr. Snipe, one of the defendants, but no proper service was had upon him. In that case Moore and Calcutt had also been made parties defendant in the case filed in Berkeley County and had filed their pleas of privilege to remove the case to Florence County, the county of their residence. The Supreme Court of South Carolina held:

"As residents of Florence County, Moore and Calcutt are clearly entitled to a change of venue if Snipe has not

been made a party defendant by lawful service of the summons on him."

We are of the opinion the trial court committed error in overruling the appellants' plea of privilege when there was no resident defendant before the court. However, be that as it may, if Rip Rogers was an employee as alleged by the appellees the appellants would not be proper parties defendant under the pleadings in this case. We do not believe the trial court held the appellants liable as presented by appellants' first three points of error and overrule appellants' first three points of error.

 We realize that upon any hearing upon a plea of privilege the plaintiff must allege and prove a cause of action against the party resident where the suit is filed and where venue is sought to be had, but it is not necessary for plaintiff to show the non-resident defendants are necessary parties but must show they are proper parties defendant. Ladner v. Reliance Corporation, Tex., 293 S.W.2d 758. In other words, plaintiff must allege a joint cause of action against the resident and non-resident defendants or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the non-resident defendant that the two may be joined under the rule intended to avoid multiplicity of suits. In other words, it must be against the resident defendant and one in privity with him. Nowhere in plaintiffs' petition did they allege that the appellants had a permit to hold or promote wrestling in Hale County, Texas, and they did not have the right to promote wrestling without a permit.

While the appellees were putting on their testimony in proving up a cause of action against the resident defendant, the appellee, Delbert Bain, testified he understood that the Kiwanis Club was putting on the wrestling exhibition and that was what he always heard. Appellees also introduced B. T. Bridges as a witness who testified that he was one of the committee working for the Kiwanis Club and that the Kiwanis Club had the license to promote wrestling. Then appellants offered like testimony showing the appellants were appointed as committee to handle the wrestling for the Kiwanis Club who had the certificate from the Wrestling Commission out of Austin, and also introduced the contract with Rip Rogers which was signed The Kiwanis Club (Signature of Promoter) By s/ A. G. Williams, Chairman.

 We are of the opinion and so hold, regardless of any allegations contained in appellees' petition, when they introduce evidence showing the allegations of their petition are not correct but that the Kiwanis Club, and not the appellants, was the one contracting with Rip Rogers, that they have shown that appellants were not proper parties to the cause of action.

For the reasons above stated we do not believe the appellants were proper parties and sustain appellants' fourth assignment. The judgment of the trial court is reversed and the case is ordered transferred to Hale County, Texas, as to these appellants.