John Neal KIRKSEY et al., Appellants,

v.

W. R. WARREN et al., Appellees.

No. 15854.

Court of Civil Appeals of Texas.

Dallas.

June 9, 1961.

Bailey & Williams, Dallas, for appellants.

Clifford S. Dillard; Touchstone, Bernays & Johnston, Dallas, for appellees.

WILLIAMS, Justice.

This is a venue case. W. R. Warren, and his wife, Freda Warren, brought this suit against Elizabeth Mitchell and also against John Neal Kirksey and Richard Walker, for damages arising out of an automobile collision on the Dallas-Fort Worth Toll Road. Plaintiffs alleged various acts of negligence against each of the defendants, such negligence being alleged to have proximately caused the injuries to plaintiffs. The defendants John Neal Kirksey and Richard Walker filed their pleas of privilege to be sued in Tarrant County, the county of their residence. Plaintiff filed controverting affidavit in which it was contended that venue was proper in Dallas County by virtue of the exceptions under subd. 4 and subd. 29a, Art. 1995, V.A.C.S. Thereafter, the defendant Elizabeth Mitchell, who resided in Dallas County, filed her answer and also a cross-action against the defendants Kirksey and Walker. In this cross-action she alleged that it was the negligence of Kirksey and Walker that caused the calamity and should any recovery be made against her she wanted a judgment

over and against the other defendants. Defendant Kirksey filed his plea of privilege as against Mitchell's cross-action, seeking to be sued in Tarrant County. Defendant Mitchell filed a controverting plea in which she claimed that her cross-action was properly maintainable against Kirksey in Dallas County by virtue of subd. 4, Art. 1995, V.A.C.S. As to the cross-action brought by defendant Mitchell, the defendant Richard Walker was never served with citation and petition and that phase of the case was not before the trial court for consideration. The trial judge heard the testimony, without a jury, and overruled all pleas of privilege. From such judgment appellants Kirksey and Walker appeal complaining that there was no evidence, and in the alternative there was insufficient evidence, to support the judgment.

Appellee Warren's petition alleged that on the date in question he was driving his automobile, accompanied by his wife, Freda Warren, in an Easterly direction on the Dallas-Fort Worth Toll Road; that said toll road had three lanes of traffic for vehicles proceeding Easterly, and three lanes of traffic for vehicles proceeding Westerly, and that said lanes were divided by a median strip about 40 feet wide. He further alleged that a vehicle driven by the defendant Mitchell suddenly came across the median strip, traveling in a Westerly direction, and collided with his automobile, resulting in severe injuries and damages. It was further alleged that prior to the collision the appellant Mitchell was traveling in a Westerly direction and to the rear of the vehicle driven by the defendant Kirksey, who then and there was engaged upon a business for the partnership known as K & W Speedometer Service Company, and that a tire on the vehicle driven by Kirksey blew out allowing the automobile to veer to the left which caused the Mitchell automobile to drive across the median strip into the Warren automobile. Elizabeth Mitchell was alleged to have been guilty of negligence in driving at an excessive rate of speed; failing to keep her automobile un-

der proper control; failing to apply her brakes; allowing her automobile to be driven across the median strip and into the automobile driven by Warren; and in failing to sound her horn. Kirksey was alleged to have been guilty of negligence in operating his vehicle with a defective tire; and failing to keep the vehicle under proper control; and in causing Mitchell to drive her automobile onto the wrong section of the turnpike. Warren sought judgment against all defendants, jointly and severally.

Kirksey testified that he was a partner in the business known as K & W Speedometer Service Company, said business being a Dallas enterprise in which Richard Walker was also a partner. Kirksey testified that on the day in question he was proceeding to Fort Worth from Dallas on the Dallas-Fort Worth Toll Road in a vehicle which belonged to the partnership. Kirksey further testified that there was a blowout on the vehicle; that the tire that blew out was a recapped tire which had been purchased and recently put on the vehicle; that such blow-out occurred while he was driving at approximately 60 to 65 miles per hour, and said blow-out causing the tread on the tire to come off of the tire. He further testified that he had been driving his vehicle in the center lane of West bound traffic, that after the blow-out occurred he pulled across to the extreme left-hand lane of the West bound traffic, moving off the road completely onto the median strip. He said that when the blow-out occurred he was approximately ⅓ of a block ahead of the appellee Mitchell, who was driving in the left-hand West bound lane adjacent to the center lane in which his vehicle was being operated.

Freda Warren testified that on the day in question she and her husband were proceeding in their vehicle from Fort Worth to Dallas on the toll road and were operating their vehicle in the lane next to the median strip. She said that their vehicle was struck by another car but that she did not see the car at the instant of the collision and had no knowledge as to who was driv-

**36**

ing the car. There was no controversy but that the Warren automobile stayed on the side of the road designated for East bound traffic.

Certain answers to request for admissions filed by appellee Mitchell were offered in evidence. In these appellee Mitchell admitted that on the day in question she was operating an automobile on the toll road proceeding in a Westerly direction. In answer to a request for admission inquiring whether she drove her automobile across the dividing strip and onto that portion of the turnpike used by traffic traveling in a Westerly direction, she answered: "I was forced across the dividing strip." She said that the collision occurred on the South portion of the turnpike, or that portion set aside for traffic in a Easterly direction, and at the time of the collision she was proceeding in a Westerly direction opposite to that traveled by appellee Warren. She was a resident of Dallas County, Texas.

Elizabeth Mitchell offered no evidence on her own behalf, except the controverting plea. Appellee Warren also introduced into evidence the controverting pleas. Appellants tendered no evidence.

 Appellants admit that appellees have pled a joint cause of action against the resident defendant and the nonresident defendants. However, appellants' contention, on appeal, is that the appellees have failed to prove a prima facie case against the resident defendant and further failed to prove a prima facie case for joint liability on the part of the resident and nonresident defendants.

The applicable law in Texas is reflected in the general rule cited in 43–B Tex.Jur. § 61, pp. 216–219: "It is generally necessary, for a case to come within the application of the statute, that the cause of action against all of the defendants be the same; the cause of action must be a joint one, or, at least, the cause against the resident defendant must grow out of the same transaction and be so intimately connected with the cause against the nonresident defendant that the two should be joined under the rule intended to avoid a multiplicity of suits." LeBlanc, Inc. v. First National Bank of Bay City, Tex.Civ.App., 320 S.W. 2d 886; Union Terminal Co. v. McDonald, Tex.Civ.App., 324 S.W.2d 561; Williams v. Bain, Tex.Civ.App., 332 S.W.2d 360, and cases cited under Note 17, p. 218, 43–B. Tex.Jur.—Venue.

To maintain venue under subd. 4, Art. 1995, V.A.C.S., where there is a resident and nonresident defendants, it is not encumbent upon the plaintiff to prove the cause of action against the nonresident defendants, and he establishes right to maintain venue where laid by (a) alleging a joint cause of action against the defendants, or a cause of action against a resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid multiplicity of suits; (b) proving by independent evidence that the resident defendant in fact resides in such county, and (c) proving that the plaintiff has a cause of action against the resident defendant. Stockyards National Bank v. Naples, 127 Tex. 633, 95 S.W.2d 1300; Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758; Langley v. Hardy, Tex.Civ.App., 293 S.W.2d 793; Taylor v. Fort Worth Poultry & Egg Co., Tex. Civ.App., 122 S.W.2d 292.

There being no contention that the pleadings of appellees in the trial court are insufficient to constitute the pleadings of a joint cause of action against all defendants, the paramount question is whether appellees sustained their burden of establishing a prima facie cause of action against the appellant Mitchell, a resident of Dallas County. It is our opinion that appellees fulfilled the burden of establishing such a prima facie cause of action. It is to be observed that no findings of fact and conclusions of law were filed, and none were requested by appellants. We are therefore governed by the fundamental and well-established rule of law that where no findings

of fact and conclusions of law are requested of or filed by the trial court, the judgment implies all necessary fact findings in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact instant thereto it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory to its nature. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114.

It was uncontroverted that the Mitchell automobile left the West bound avenue of traffic on the Dallas-Fort Worth Toll Road and crossed over the 40-foot median strip between the two paved portions, and struck the Warren automobile which then was proceeding in a lawful manner towards Dallas. With this evidence of a clear violation of Art. 6701d, § 62, V.A.C.S., as well as lack of evidence of control, the trial judge was certainly justified in finding such action to be negligence and proximate cause of the collision. Aside from this there is the explanation of appellant Mitchell that she was "forced across the median strip," coupled with the testimony of appellant Kirksey that he was violating the speed limit, operating the vehicle with a defective tire, had drove off of the pavement onto the median strip at the time when he knew the vehicle was following him. The testimony of interested witnesses present nothing more than issues of fact for the trial judge to decide. All of these facts and circumstances, both direct and circumstantially, were sufficient evidence of probative force to support the trial court's finding of not only a joint cause of action, but a prima facie case against the Dallas resident. Since appellants have asserted that the evidence is insufficient to sustain the court's findings, we have carefully reviewed the entire record and find that the evidence was amply sufficient to support the trial court's findings. Therefore, appellants' first point of error is overruled.

. ██ As to the second point presented by appellants, namely, that the trial court erred in overruling the plea of privilege of appellant John Neal Kirksey as to the cross-action for indemnity filed by appellant Mitchell, it is our opinion that the evidence introduced, and heretofore discussed under appellants' first point, is sufficient to justify the trial court in finding that the cross-action was sufficient to hold venue in Dallas County. The testimony is the same and the law applicable thereto is the same and we see no useful purpose in reviewing it under this point. Moreover, our ruling on the first point renders the question of venue on the cross-action immaterial. Appellants' second point is therefore overruled.

The judgment of the trial court is affirmed.