AMERICAN EMPLOYERS INSURANCE COMPANY, Appellant,

v.

John ZABLOSKY, Appellee.

No. 18550.

United States Court of Appeals
Fifth Circuit.

June 30, 1961.

Rehearing Denied Sept. 14, 1961.

James A. Williams, Dallas, Tex., for appellant.

William P. Fonville, J. Alex Blakeley, Alan D. Feld, Dallas, Tex., for appellee.

Before JONES and BROWN, Circuit Judges, and CARSWELL, District Judge.

JONES, Circuit Judge.

The appellee, John Zablosky, was struck by a truck which was driven by Roy Alvin Tucker, an employee of H. L. Flynt. Zablosky sued Flynt and Tucker in a Texas State court seeking damages for his injuries sustained and recovered judgment for $100,000, with interest and costs. Execution was issued and returned nulla bona. Basing federal jurisdiction on diversity of citizenship, Zablosky sued American Employers Insurance Company, herein referred to as the In-

surance Company, the motor vehicle liability insurance carrier of B. F. Schoeneman, a contractor, claiming the truck was owned by Schoeneman, and that it, at the time of the injury, was being driven by Tucker as the employee of Flynt with the permission and consent of Schoeneman, thus invoking the coverage of the so-called omnibus clause.[1] Zablosky asserted other theories for recovery. These we need not consider since the case was submitted to the jury and recovery was allowed under the omnibus clause.

The policy was issued to B. F. Schoeneman, doing business as Midwest Contracting Co. and other trade names. When the truck which was involved in Zablosky's injury was added to the coverage of the policy the endorsement contained the statement, "owned by H. L. Flynt and leased to insured." This endorsement recited an additional premium of $177.40. A further endorsement provided:

"Title to the 1952 Ford Truck * * * is vested in the name of B. F. Schoeneman d/b/a Midwest Contracting Company, however, said automobile has been sold under a conditional agreement to H. L. Flynt. It is agreed that for interpretation of coverage under the policy H. L. Flynt shall be considered to be the owner of said automobile."

The truck had been purchased from a dealer by Schoeneman who executed a conditional sale contract to evidence and secure an unpaid portion of the purchase price. The installment payments were made by Schoeneman. The title to the truck was registered in the name of Schoeneman. He procured fire and theft insurance on the truck. Flynt had no insurance on the truck.

Schoeneman, called as a witness by Zablosky, testified that Flynt, who was in the hauling business, had done considerable hauling for him, that on prior oc-casions he had assisted Flynt in obtaining credit, that Flynt had telephoned him that he, Flynt, was negotiating with a dealer for the truck but he had neither a down payment nor a trade-in and so could not finance the purchase and requested Schoeneman's help. Schoeneman, so he testified, agreed that the truck should be put in his name and he would execute a 24 monthly installment conditional sale contract with Flynt undertaking to pay Schoeneman one and a half installments each month. Schoeneman understood that Flynt was to give him preferential treatment in his hauling requests. Schoeneman expected that the amounts he would owe Flynt for hauling would be credited on the purchase of the truck. The transaction was in the form it took in order to provide financing for Flynt and security for Schoeneman, and the title to the truck, according to Schoeneman, was to be transferred to Flynt when Flynt had paid Schoeneman for it. The agreement between Schoeneman and Flynt was oral. The registered title to the truck was transferred to Flynt some time after the injury to Zablosky but not until Flynt had paid the full amount of the purchase price to Schoeneman. It was shown that Tucker was driving the truck for Flynt when the injury occurred.

Both Zablosky and the Insurance Company moved for a directed verdict. Zablosky's motion asserted that the evidence conclusively established the ownership of the truck by Schoeneman, that it was being driven by Tucker as the employee of Flynt at the time of the accident, and hence Zablosky should recover under the omnibus clause. The Insurance Company's motion said that it was established without question that the truck, while registered in the name of Schoeneman, was in fact owned by Flynt, and that, while there might be an administrative presumption arising from the title registration that Schoeneman was the owner, such presumption vanished upon the

---

1. The unqualified word "insured" includes the named insured and also includes * * any person while using an owned auto-mobile * * * provided the actual use of the automobile is by the named insured or with his permission.

showing that Flynt was the owner. Both motions were denied. The issues of ownership and permission to use were submitted to the jury. The pertinent instructions on the ownership issue were:

"Under the Certificate of Title Act of the State of Texas it is unlawful to buy or acquire any title, other than a lien, in a motor vehicle registered or licensed in this state without then and there demanding of the proposed seller the registration receipt and certificate of title, covering the particular motor vehicle which shall, upon consummation of the purchase be transferred upon such form as may be provided by the Highway Department; and the legal or record title to a motor vehicle will not pass without compliance with the requirements of this Act. However, the laws of Texas do not prohibit the registration of a motor vehicle in a name other than that of the true owner. And without compliance with the provisions of the Certificate of Title Act above stated one may become the true owner of a motor vehicle under a sale (including a conditional sale) and the delivery of such motor vehicle by the seller to the purchaser, with intent to pass the beneficial, equitable interest and true ownership thereof to the purchaser, whether or not the true owner is named as owner in the Certificate of Title; and whether or not said Certificate of Title and registration receipt is transferred upon consummation of the purchase of the motor vehicle.

"The registration of a motor vehicle in Texas under the name of the individual or firm whose name is shown on the certificate of title to the motor vehicle as being the owner thereof, raises a presumption that such individual or firm is the owner of such motor vehicle. However, such a presumption of ownership may be rebutted and vanishes when positive evidence is presented that the true owner of the vehicle is a person other than the one in whose name the vehicle is registered."

The Insurance Company objected to portions of the charge but these objections are not made the basis of specifications of error and are not here insisted upon. The instructions are fair and accurate statements of the law. Vernon's Tex.Penal Code, art. 1436–1; 7 Tex.Jur. 366 et seq., §§ 52–56, 70. In response to special interrogatories submitted by the court, the jury found that Schoeneman was the true owner of the truck and that, at the time of the accident, Flynt and Tucker had the permission and consent of Schoeneman to operate the truck. Judgment was entered for Zablosky. On appeal the questions submitted for our determination, and the only questions submitted although stated in different ways, are whether as a matter of law, there is evidence to sustain the findings that Schoeneman was the true owner of the truck, and that the vehicle was being driven with his consent and permission.

■ The registration of the vehicle in the name of Schoeneman and the issuance of the title certificate to him raises the presumption that he was the owner of the truck. Such presumption is not evidence under the Texas law but is an "administrative presumption" which merely requires the person against whom the presumption is asserted to produce evidence to the contrary. If clear, positive and undisputed evidence to the contrary is introduced then the presumption, as the Texas courts state, "vanishes" or is "put to flight." Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763, 767; Pioneer Mutual Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W.2d 202. The Empire Gas & Fuel Co. case was cited by this Court in United States Casualty Co. v. Ohio Casualty Insurance Co., 5 Cir., 208 F.2d 451.

The Insurance Company concedes that there was a presumption raised by the title certificate that Schoeneman was the owner of the truck. It asserts, however, that there was clear and positive proof to rebut the presumption and that there was no proof of Schoeneman's ownership ex-

cept the title certificate and this, the Insurance Company earnestly contends, had been overcome. From the testimony presented the district court was not of the opinion that the presumption of the title certificate had been put to flight and made to vanish by clear, positive and undisputed evidence. The district court concluded that there were fact issues presented, and that these issues should be resolved by the jury. We do not think there was error in its conclusion and we affirm its judgment.

Affirmed.