**TELEVISION PROPERTIES, INC., Appellant,**

v.

**John L. McCARTY et al., Appellees.**

**No. 16184.**

Court of Civil Appeals of Texas.

Dallas.

May 31, 1963.

Rehearing Denied July 5, 1963.

Geary, Hamilton, Brice & Lewis, Dallas, for appellant.

McCarthy, Carnahan, Fields & Haynes, Amarillo, for appellees.

DIXON, Chief Justice.

This is an appeal from an order sustaining pleas of privilege whereby appellant's

suit was ordered transferred from Dallas County to Randall County, as to four appellees and to Potter County as to one appellee.

The litigation began when Clarence A. Wilmering brought suit in Randall County against Television Properties, Inc., the action being based on a promissory note in the amount of $1,162.79 principal.

Television Properties, Inc., filed its plea of privilege, which was sustained and the suit was transferred to Dallas County for trial.

In its written answer appellant, Television Properties, Inc., alleged that the note sued on was one of a series of notes it executed as part of the purchase price of all the stock in a company known as Estate Development Corporation, located in Amarillo, Texas. The defense urged was that there had been a breach of warranty in connection with the contract of sale.

Appellant also filed a cross-action against Wilmering and a third-defendant action against appellees John L. McCarty, Sam Fenberg, Robert D. Houck, Hoyt Houck, and Estate Development Corporation. Appellant alleges that the individual appellees, residents of Amarillo, Texas, were all formerly stockholders and directors in Estate Development Corporation, that each of them has become owner by endorsement of one of the series of notes executed by appellant and that they were all parties to the breach of warranty.

Appellees filed pleas of privilege, which were set for hearing on August 12, 1962. On that same date just before going to trial on appellees' pleas of privilege, appellant filed an amended pleading, in which for the first time, Jack Vaughn, a resident of Dallas County, was made a third-party defendant. Up to the time of the filing of the amended pleading it had not been alleged that any of the third-party defendants were residents of Dallas County. Citation had not been served on Jack Vaughn, the new third-party defendant, nor had any appearance been entered by him or in his behalf.

Appellant attempted to make out a case against Jack Vaughn, the Dallas resident, and thus to bring the suit as to all third-party defendants within the provision of subd. 4, Art. 1995, Vernon's Ann.Civ.St, and the holding in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

The court properly sustained the pleas of privilege of the non-resident third-party defendants, appellees here. Since no service had been obtained on Jack Vaughn, the Dallas resident, and no appearance made in his behalf, he was not before the court for venue purposes. Therefore appellant is not entitled to retain venue in Dallas County under subd. 4 of the Statute. Williams v. Bain, Tex.Civ.App., 332 S.W.2d 360.

Appellant claims that the stipulations entered into by the parties made out a cause of action against Jack Vaughn, the Dallas resident. This claim is vigorously contested by appellees, who assert that they agreed to only a part of the alleged stipulations. In view of our holding that no resident defendant was before the court, it is not necessary for us to pass on the controversy about the alleged stipulations.

The judgment of the trial court is affirmed.