**MOTOR FINANCE COMPANY, Appellant,**

**v.**

**Patrice M. WOLFF, Appellee.**

**No. 14482.**

Court of Civil Appeals of Texas.

Houston.

Feb. 11, 1965.

Carl Raymond Crites, Thomas H. Peterson, San Antonio, for appellant.

John H. Holloway, Houston, for appellee.

BELL, Chief Justice.

This is an appeal from a judgment of the trial court overruling the plea of privilege of appellant to be sued in Bexar County, the county of its residence.

Plaintiff sued appellant, Renfro and Renfro, Adjusters, Inc., J. H. Hanie and Grover D. Renfro, in the District Court of Harris County. All defendants except appellant were alleged to be residents of Harris County. The suit was one to recover damages for the alleged conversion of an automobile in Harris County alleged to belong to plaintiff. The basis of the suit was the contention that appellant was the holder of a note for the purchase price of the automobile, which was secured by a chattel mortgage and that appellant through the other defendants as its agents repossessed the automobile at a time when she was not in default in payments on the note. Too, it was asserted that appellant authorized the other defendants to hold the vehicle until their charge for collection of the balance unpaid and for repossessing the vehicle had been paid. Damages were also sought for the days appellee was deprived of the use of the automobile. Additionally, it was alleged that the automobile was damaged while in possession of the defendants, the damage resulting from a broken window and transmission.

. Appellant first urges there was no evidence to show appellee owned the automobile because the certificate of title was in the name of Billy B. Pennington. The evidence shows that Pennington was the former step-father of appellee. She and he went to the place of business of Damon and Al's in San Antonio. Appellee testified she bought the car and it was put in the name of Pennington because she was then involved in a divorce suit with her husband, from whom she was subsequently divorced. Only Pennington signed the note and chattel mortgage. At the time she was living with her mother at Bandera, Texas. Pennington was living at Mesquite, Texas. The certificate of title, chattel mortgage and appellant's ledger sheet show his address as c/o Patricia M. Murphy (appellee's married name at the time of the transaction), Box 372, Bandera, Texas. The ledger sheet also showed Pennington's residence as 5111 Jet Lane, Mesquite. Appellee testified she made all of the payments on the automobile. At the time of trial she had not had the certificate of title transferred to her name. The appellant's ledger sheet also showed a change in the name of the account to appellee at an address in Pasadena, Texas.

While the certificate of title in the name of Pennington creates a presumption of ownership in him, this may be overcome by evidence showing that in fact the ownership is elsewhere. Such presumption is not evidence but is an administrative presumption. American Employers Ins. Co. v. Zablosky, 5 Cir., 292 F.2d 412. In the cited case the trial court found as a fact that title was in the record owner and thus did not choose to believe the evidence to the contrary. In this case the trial court chose to believe the testimony evidencing title in appellee. We hold there is sufficient evidence of probative force sustaining the trial court's implied finding of ownership in appellee.

Appellant next contends there is no evidence to support the trial court's implied finding that a conversion was established. Though in its argument under this point of error in its original brief appellant again urges the want of proof of ownership in appellee, in a supplemental brief the argument is presented that no conversion is shown because the testimony shows the note was in default at the time of repossession and the chattel mortgage gave the right of repossession. The point of error in the original brief is broad enough to en-

compass the argument contained in the supplemental brief.

■ We have concluded appellant is correct. Appellee's own testimony showed the last installment on the note was due September 12, 1963, and the automobile was repossessed September 17, 1963. She seeks to excuse non-payment by asserting, by evidence but not by pleading, waiver of timely payment by appellant because of its having previously received payments late. It does appear that about two payments were made late and accepted by appellant. The evidence shows no agreement based on consideration authorizing late payments to be made in the future. The chattel mortgage (the note is not in evidence) provides that upon default in paying any installment all installments are thereby matured. This being true, upon original default the whole became due. The acceptance of the two intervening late payments does not constitute a waiver. In fact, the chattel mortgage itself provides such shall not constitute waiver. Fischer v. Wood, 119 S.W.2d 114 (Tex.Civ.App.), writ dism.

It is contended by appellee, however, that it was wrongful to hold the automobile until the collection charge and storage fee had been paid to Renfro and Renfro. The chattel mortgage expressly provides it shall cover all collection costs.

■ We are of the view, however, that the trial court's action should be sustained under Subdivision 4 of Article 1995, Vernon's Ann.Tex.St. Appellee has sufficiently proven a cause of action against a resident defendant and has alleged against appellant, the non-resident, a joint cause of action and one so intimately connected with the cause of action against the resident defendant as to make the two properly joinable. Alice Medical and Surgical Clinic et al. v. Barker, 350 S.W.2d 587 (Tex.Civ. App.), no writ hist., and authorities there cited.

■■ Here appellee alleged that the automobile was in the driveway of her home and it was in undamaged condition except for a dent in the side; that it was taken without her knowledge or consent and when she recovered it from Renfro and Renfro, Adjusters, Inc. it was damaged. She testified to the above facts and stated the damage consisted of a broken window on the driver's side and that the transmission was damaged, so that the gears could not be shifted as they should. She further testified the value immediately before repossession was Three or Four Hundred Dollars and afterward was from Thirty Five to Fifty Dollars. The evidence showed appellant had authorized Renfro and Renfro to take possession. We need not here determine as a fact whether they were agents or independent contractors. Appellee alleges they were agents. While it is not shown how the damage was done, and there would be liability only in case of negligence, we think when it is shown that one, situated as was Renfro and Renfro, had possession of the vehicle, and it was returned in a damaged condition, negligence is presumed. The mortgage in possession is under a duty to use ordinary care in taking care of the property pending foreclosure. We think the rule is comparable to that of a bailee where it is held that negligence is presumed where the chattel is returned to the bailor in damaged condition. Trammell v. Whitlock, 150 Tex. 500, 242 S.W.2d 157.

The judgment of the trial court is affirmed.