**OVERSEAS ORDERS, INC., Appellant,**

v.

**Fernando Perez ANAYA, Appellee.**

No. 15006.

Court of Civil Appeals of Texas,
San Antonio.

July 21, 1971.

Shannon, Gracey, Ratliff & Miller, Fort Worth, for appellant.

J. G. Hornberger, Laredo, for appellee.

BARROW, Chief Justice.

A venue case. Appellant, a Texas corporation, whose home office and principal place of business is Tarrant County, appeals from an order entered after a non-jury trial overruling its plea of privilege in a suit filed in Webb County by appellee, a resident of Mexico, to recover damages from Oswaldo Presbitero Cruz, a resident of Mexico, Emilo Jacaman, a resident of Webb County d/b/a Jaga Motor Company, and appellant, Overseas Orders, Inc. for alleged conversion of appellee's 1969 Mercedes Benz Coupe Roadster.

■ Appellee seeks to maintain venue in Webb County under Subdivisions 4, 9 or 23 of Article 1995, Vernon's Annotated Civil Statutes. Appellant urges by its seven points of error that there is no evidence to support the essential venue facts under any of these exceptions to the general venue rule in that there is no proof to establish a prima facie cause of action for conversion. Such proof is essential to each of these exceptions.[1] 1 McDonald, Texas Civil Practice, Venue, Sections 4.10.2, 4.17.1, and 4.30.2.

■ Appellant urges at the outset that there is no evidence that appellee was the owner of or entitled to the immediate possession of the automobile at the time of the alleged conversion. In order for appellee to maintain an action for conversion, it was necessary for him to allege and prove, in substance, that he was the owner and had possession of the automobile or the right of immediate possession at the time of the conversion. Guinn v. Lokey, 151 Tex. 260, 249 S.W.2d 185 (1952); Gable Electric Service, Inc. v. Mims, 364 S.W.2d 292 (Tex.Civ.App.—Dallas 1963, no writ); Oliver Chilled Plow Works v. Askey, 22 S.W.2d 743 (Tex.Civ.App.—Eastland 1929, no writ).

■ The automobile was purchased by Emilio Jacaman in Laredo on January 24, 1970. At this time, the Texas Certificate of Title on this automobile was in the name of Jose Gomez Laguna, who transferred the title over to Jacaman through a power of attorney executed to J. Monte. This certificate of title created a presumption of ownership and right to possession in Jose Gomez Laguna. Long v. Hall, 389 S.W.2d 683 (Tex.Civ.App.—Waco 1965, no writ); Motor Finance Company v. Wolff, 387 S.W.2d 129 (Tex.Civ.App.—Houston 1965, no writ).

■ There is no competent testimony in the record to overcome this presumption. Cf. Motor Finance Company v. Wolff, supra. Neither Laguna nor appellee Anaya testified at the hearing, and there was no explanation for the failure of either to testify. Jacaman testified that in a conference with the District Attorney some time after the purchase of the automobile, Laguna made the statement that Anaya was the owner of same. Such statement was clearly hearsay as to appellant and without probative force. Furthermore, such statement by Laguna would not establish a conversion by Jacaman since there was no evidence he knew at the time of the transaction sued on herein that Anaya owned the automobile. Jacaman testified without contradiction that he never heard of Anaya until after the transaction.

There is no evidence to support the essential implied finding of the trial court that appellee's automobile was converted by

[1]. Under Subdivision 9 or 23 it was necessary to prove a cause of action against the non-resident corporation; however, under Subdivision 4 it was only necessary to prove a cause of action against the resident defendant Jacaman.

Jacaman.[2]  Accordingly, the trial court erred in overruling appellant's plea of privilege to be sued in Tarrant County.

The order overruling such plea of privilege is reversed, and the cause remanded to the district court with instructions to transfer said cause as to appellant, Overseas Orders, Inc., to Tarrant County.  The costs of this appeal are taxed against appellee, Fernando Perez Anaya.

CADENA, J., concurs in the result.

2.  The chain of title shows that Jacaman transferred the automobile to appellant on February 12, 1970.  No other evidence related to appellant.