**FORD MOTOR CREDIT COMPANY et al.,
Appellants,**

v.

**Juan GARCIA, Jr., Appellee.**

**No. 15237.**

Court of Civil Appeals of Texas,
San Antonio.

Jan. 23, 1974.

Thomas L. Bridges, Porter, Taylor, Gonzalez, Bonniwell & Thompson, Corpus Christi, for appellants.

Israel Galindo, Rio Grande City, for appellee.

KLINGEMAN, Justice.

This is a venue action involving Subdivision 4 of Article 1995, Vernon's Tex.Rev. Civ.Stat.Ann. Appellee, Juan Garcia, Jr., a resident of Starr County, Texas, filed suit in Starr County, Texas, against Ramirez Ford Sales, Inc., a resident of Starr County, Texas; Ford Motor Credit Company, a resident of Nueces County, Texas; and Arturo Requenez, a resident of Hidalgo County, Texas, for the wrongful repossession and detention of his Ford pickup truck. The two nonresident defendants filed pleas of privilege to be sued in the counties of their respective residences. Appellee timely controverted said pleas of privilege, relying on Subdivision 4 to maintain venue in Starr County. Both pleas of privilege were overruled after a nonjury hearing, and this is an appeal by Arturo Requenez and Ford Motor Credit Company from that ruling.

■ To maintain venue under Subdivision 4 of Article 1995 where there are resident and nonresident defendants, it is not incumbent upon the plaintiff to prove the cause of action against the nonresident defendant; and he establishes his right to maintain venue where laid by: (a) alleging a joint cause of action against the defendants, or a cause of action against a resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid multiplicity of suits; (b) proving by independent evidence that the resident defendant in fact resides in such county; and (c) proving that the plaintiff has a cause of action against the resident defendant. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936);[1] Kirksey v. Warren, 348 S.W.2d 33 (Tex.Civ. App.—Dallas 1961, no writ).

Two of appellants' three points of error complain of insufficiency of the pleadings. (a) The trial court erred in overruling their pleas of privilege because appellee failed to plead a cause of action against defendant, Ramirez Ford Sales, Inc. (b) The trial court erred in overruling their pleas of privilege because appellee did not plead a joint cause of action against Ramirez Ford Sales, Inc., and appellants.

Appellee asserts that his pleadings show both a joint cause of action involving all of the defendants in the case, and an independent cause of action against Ramirez Ford Sales, Inc., the resident defendant; or in any event, the pleadings allege a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresi-

1. All parties agree that the applicable venue facts under Subdivision 4 are set forth in Stockyards National Bank v. Maples, supra, as follows: (1) When, in a suit against two defendants residing in different counties brought in the county of the residence of one of them, the nonresident defendant files a plea of privilege to be sued in the county of his residence and the plaintiff seeks to sustain venue under exception 4 of Article 1995, it is not incumbent upon the plaintiff in order to sustain the venue as laid to prove a cause of action against the nonresident defendant. (2) Under the conditions set forth in the answer to the first question, the plaintiff establishes his right to maintain venue where laid by alleging a joint cause of action against the two defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits, and by the proof afforded by the petition that such is the nature of the suit, and by proving, by independent evidence, that the defendant alleged to reside in the county where the suit is pending in fact resides in such county and the further fact that plaintiff has a cause of action as alleged against the resident defendant. (3) The conclusion expressed in the answer to the second question would not be altered if the evidence upon the hearing of the plea of privilege affirmatively disclosed that the plaintiff had no cause of action, either joint or several, against the nonresident defendant. Evidence as to the merits of plaintiff's cause of action against the nonresident defendant who pleads his privilege should be given no effect in trying and determining the question of venue presented by the plea of privilege and a controverting affidavit invoking exception 4.

dent defendant that a joinder is proper under the rule intended to avoid the multiplicity of suits.

■ Defendants filed no exceptions to plaintiff's petition or to plaintiff's controverting affidavit to their pleas of privilege. In the absence of exceptions to such pleadings, they will be liberally construed in the pleader's favor and in support of the judgment. Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513 (1941); [2] Jess Edwards, Inc .v. Foley, 321 S.W.2d 328 (Tex.Civ.App.— Waco 1959, no writ).

■ The pleadings taken as a whole detail a series of events that assert a wrongful repossession of appellee's pickup, a wrongful detention, and a resultant loss of the pickup. Appellee's pleadings allege a violation of Section 9.503 of the Vernon's Tex.Bus. & Comm.Code jointly by the nonresident defendants and the resident defendant, and also a cause of action against defendant, Ramirez Ford Sales, Inc., for wrongfully and illegally detaining the pickup and depriving the owner of its use and possession. While not artfully pled, such pleadings allege a conversion against the resident defendant. Conversion may be defined as any act of dominion wrongfully asserted over another's personal property in denial of the owner's rights or inconsistent with such rights. American Surety Co. of New York v. Hill County, 267 S.W. 265 (Tex.Comm.App. 1924, jdgmt. adopted); 14 Tex.Jur.2d, Conversion, Section 1.[3]

A similar case to the one before us is Motor Finance Co. v. Wolff, 387 S.W.2d 129 (Tex.Civ.App.—Houston 1965, no writ). Plaintiff sued two defendants in Harris County, Texas, to recover damages for wrongful repossession and alleged conversion of an automobile. One of the defendants was a finance company, a nonresident of Harris County, Texas, which held a chattel mortgage securing the purchase price. The finance company filed a plea of privilege to be sued in the county of its residence, which plea was overruled by the trial court. Plaintiff asserted that the finance company, by other defendants as its agents, wrongfully repossessed the automobile and wrongfully held such automobile until the charges due were paid. The appellate court affirmed the judgment of the trial court, stating: "We are of the view, however, that the trial court's action should be sustained under Subdivision 4 of Article 1995, Vernon's Ann.Tex.St. Appellee has sufficiently proven a cause of action against a resident defendant and has alleged against appellant, the non-resident, a joint cause of action and one so intimately connected with the cause of action against the resident defendant as to make the two properly joinable. Alice Medical and Surgical Clinic et al. v. Barker, 350 S.W.2d 587 (Tex.Civ.App.), no writ hist., and authorities there cited." 387 S.W.2d at 131.

We hold that appellee's pleadings sufficiently state a cause of action for venue purposes in Starr County under Subdivision 4 of Article 1995.

Appellants' only other point of error is that the trial court erred in overruling appellants' pleas of privilege because insuffi-

---

**2.** See, also, Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758, 763 (1956), which case discusses the differences between Subdivision 29a and Subdivision 4, and wherein it is stated: "There is a rational basis for accepting the allegations of the petition as sufficient proof under Subdivision 4 that the non-resident defendant is properly joined as a party to the suit. That subdivision by its terms requires only that the suit be against two or more defendants, and there is no better proof of this fact than the petition itself. A nonresident defendant who is not a proper party to the suit is entitled to go out of the case on a plea of misjoinder, and hence is not prejudiced by permitting the plaintiff to maintain venue without proving by independent evidence that such defendant is a proper party."

**3.** Conversion has been defined as the unlawful and wrongful exercise of dominion over ownership or control by one person over the property of another to the exclusion of the exercise of the same rights by the owner, either permanently or for an indefinite time.

cient evidence was adduced at the hearing to prove a cause of action against defendant, Ramirez Ford Sales, Inc., and appellants.

■ No findings of fact or conclusions of law were requested of, or were filed by, the trial court. Where no request is made of, and the trial court does not make, any findings of fact or conclusions of law, a reviewing court must presume that the trial court resolved every disputed fact issue in favor of the winning party, and the judgment implies all necessary fact findings in support of the judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S. W.2d 609 (1951); Kimbell Milling Co. v. Marcet, 449 S.W.2d 100 (Tex.Civ.App.— San Antonio 1970, no writ); Pittsburgh Plate Glass Co. v. Bragg, 383 S.W.2d 623 (Tex.Civ.App.—Dallas 1964, writ dism'd); Kirksey v. Warren, supra; Jess Edwards, Inc. v. Foley, supra.

■ Only three witnesses testified. Appellee testified in some detail as to the repossession and detention of the pickup. He testified that the pickup was bought from Ramirez Ford Sales, Inc.; that he made a down payment of $838 and made monthly payments on it; that he fell behind on his payments; that Mr. Arturo Requenez came to talk to him about the back payments and told him that he wanted the truck or the payments; that he made an agreement with Mr. Requenez that he would have one month to make the past payments; that Mr. Requenez came back about a week later and said that he would have to have the money or the pickup; that he told Requenez he had to have the pickup for his work; that Requenez told him that he would take him to work and then come back and get him later; that he would not have given him the pickup if he had known that he would not have come back; that Mr. Requenez never returned; that thereafter he went to Ramirez Ford Sales, Inc., to get the pickup back and they told him that the only way he could get the pickup back was to pay the whole $2,900;

and that they refused to release the pickup to him.

The conditional sales contract or chattel mortgage under which defendants purportedly repossessed, held and sold the pickup was not introduced into evidence, and we cannot tell from the record what authority defendants or any of them had to repossess, hold or sell the pickup, or the terms or conditions under which they could do so.

Defendant, Arturo Ramirez, testified that he was a collector for Ford Motor Credit Company; that he first talked to plaintiff Garcia in the last part of April, 1972, and made an agreement with him that Garcia had two weeks to put the contract into shape; that in the beginning part of May he again saw Mr. Garcia and discussed the overdue contract with him and told him that he came for the money or the pickup; that it was the day that he repossessed the pickup; that Garcia told him he didn't want to let it go; that he told Garcia there was no need to call the cops; that he was past due and he had to bring the payments up to date or Requenez had to take the pickup back in to the dealer; that an agreement was made to drop Garcia off at work; that he did drop him off at his work and he took the pickup; and that Garcia asked him if he would be back and he told him he would come back.

It is to be noted that the testimony of Requenez and Garcia is conflicting in some respects.

Efrain Ramirez testified that he was the manager of Ramirez Ford Sales, Inc.; that Ramirez Ford Sales, Inc., sold Garcia a pickup truck; that the pickup truck was repossessed; and that he did not know who brought the truck in. When asked under what authority he held the truck, he stated, "We have a contract with Ford— we have to pay for it." He further testified that they were acting under the contract; that when something is repossessed, they hold it on their lot and Ford tells them how much they have to pay for it.

He testified that after the truck was repossessed, Mr. Garcia came after the pickup; that they later sold the pickup; and that the sale of repossessed automobiles is conducted in their place of business.

It is undisputed that defendant, Ramirez Ford Sales, Inc., resides in the county of the suit. Under the record: (1) the non-resident defendants are at least proper parties to the claim against the resident defendant; and (2) plaintiff has pled and proven a bona fide claim against the resident defendant. We hold that appellee sufficiently pled and proved the necessary venue facts to maintain venue in Starr County under Subdivision 4 'of Article 1995.

All of appellants' points of error have been considered, and all are overruled. The judgment of the trial court is affirmed.