**SERV–ALL COMPANY, Inc., et al.,
Appellants,**

v.

**R. H. MINATRA et al., Appellees.**

**No. 4416.**

Court of Civil Appeals of Texas.

Waco.

Nov. 4, 1965.

Touchstone, Bernays & Johnston, Bailey & Williams, Dallas, for appellants.

Charles McDonald, Naman, Howell, Smith & Chase, Louis Muldrow, Waco, for appellees.

McDONALD, Chief Justice.

This is an appeal by Serv-All Inc. and Childers from an order overruling their pleas of privilege.

Plaintiff Minatra brought suit in McLennan County against Safeway Stores, Inc., Hendrick and Adams, E. O. Renner, Serv-All Company, Inc., Jesse E. Childers, and Jerry E. Caton for personal injuries sustained when she fell in the Safeway Store in Corsicana, Texas.

Safeway was having certain repairs made to its store in Corsicana. Hendrick and Adams, of Waco, McLennan County, were the general contractors; E. O. Renner of Dallas County, Serv-All Inc. of Dallas County, Jesse Childers of Navarro County and Jerry Caton of Navarro County were sub-contractors on the job.

Plaintiff alleged that as a part of the construction work there was a trench approximately 2 feet wide and 2 feet deep dug across one of the aisles in the store; that it was covered by defendants with a metal

plate; that she stepped on the plate, it tilted and she slipped, causing her serious injuries; that Safeway had the duty to keep the premises in a safe condition; that Hendrick and Adams, as general contractors, and the other defendants as sub-contractors working in the excavated area, were all guilty of various acts of negligence proximately causing her injuries.

Defendant Serv-All Inc. filed its plea of privilege to be sued in Dallas County; defendant Childers filed its plea of privilege to be sued in Navarro County.

Plaintiff filed controverting affidavits asserting venue in McLennan County under Subdivision 4, Article 1995 Vernon's Ann. Tex.Civ.St.

After hearing before the court without a jury, the trial court entered judgment overruling both pleas of privilege.

Defendants appeal, contending the trial court erred in overruling their pleas of privilege; that defendant Hendrick and Adams owed no duty under the facts to plaintiff; and there is no evidence, or insufficient evidence, that the negligence of Hendrick and Adams proximately caused plaintiff's damages.

■ Subdivision 4, Article 1995 V.A.T.S. provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The venue facts under this subdivision are: 1) That plaintiff allege and prove a cause of action against the resident defendant; and 2) that plaintiff allege a joint cause of action against the non-resident defendants. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; James v. Drye, 159 Tex. 321, 320 S.W.2d 319.

In the case at bar, plaintiff alleged that the resident defendants Hendrick and Adams were general contractors repairing the Safeway Store building; that they constructed the ditch or excavation in the aisle of the store; that Hendrick and Adams were to cover it with a metal plate which was to be bolted down; that Hendrick and Adams did not place warning devices; block off the aisle; or secure the plate to the floor, all of which was negligence proximately causing plaintiff's injuries. The evidence reflects that Hendrick and Adams had the duty to bolt the plate to the floor but that they did not do so. We think that under the record a cause of action was both plead and proven against Hendrick and Adams.

■ But defendants say that Safeway had control of the premises and that defendant Hendrick and Adams did not have control of the premises, hence owed no duty to plaintiffs. Hendrick and Adams' negligence contributed to plaintiff's injury. All persons whose acts contributed to an injury are liable therefor, and the negligence of one does not excuse the negligence of another. Strakos v. Gehring, Sup.Ct., 360 S.W.2d 787.

■ Plaintiff alleged that all defendants, acting separately or concurrently, were guilty of failing to block the aisle where plaintiff fell; failing to place warning signs; failing to provide a safe way to cross the excavation; and failing to secure the plate over the excavation; all of which constituted negligence proximately causing plaintiff's injuries. Plaintiffs alleged a joint cause of action against Hendrick and Adams and the non-resident defendants. The requirements of Subdivision 4 were met to maintain venue in McLennan County against all defendants.

All of defendants' points and contentions are overruled, and the judgment of the trial court is affirmed.

Affirmed.