UNION CARBIDE CORPORATION et al., Appellants,

v.

Mrs. Alta DUPLANTIS et al., Appellees.

No. 4446.

Court of Civil Appeals of Texas.

Waco.

March 17, 1966.

McLeod, Alexander, Powel & Apffel, V. W. McLeod, Galveston, for appellants.

Raymond L. McDermott, Houston, Wellborn, Britt and Kelly, Charles W. Britt, Alvin, McGregor, Sewell, Junell & Riggs, Wm. E. Junell, Fulbright, Crooker, Freeman, Bates & Jaworski, Gibson Gayle, Jr., Mabel Grey Howell (on appeal only), Houston, for appellees.

McDONALD, Chief Justice.

This is an appeal from a judgment overruling pleas of privilege in a joint hearing in 2 suits filed in Brazoria County, arising from an automobile accident in Galveston County.

The automobiles of Guidry and Foster collided near Union Carbide's plant in Galveston County. Foster and Duplantis (a passenger in Foster's car) were killed. Guidry is a resident of Brazoria County; Foster's heirs are residents of Brazoria County; Duplantis' heirs are residents of Brazoria County; Union Carbide is a resident of Galveston County.

Guidry sued Foster's heirs and Union Carbide in Brazoria County, alleging Foster negligent in driving his car, and Union Carbide negligent in permitting condensation from its plant to cover the road; and that her damages were proximately caused by Foster's and Union Carbide's negligence. Foster's heirs filed cross action against Guidry and Union Carbide, alleging the collision was caused by negligence of Guidry and Union Carbide.

Duplantis' heirs filed suit in Brazoria County against Guidry and Union Carbide, alleging the death of Duplantis was caused by the negligence of Guidry and Union Carbide.

Union Carbide filed pleas of privilege in both cases and the cross action, to be sued in Galveston County, the county of its residence. All plaintiffs and cross plaintiff filed controverting affidavits asserting venue in Brazoria County under Subdivisions 4, 29a and 27 of Article 1995 Vernon's Ann.Tex.Civ.St.

Union Carbide filed motions to strike the controverting affidavits in the 2 cases and the cross action on the ground that the pleas of privilege and the controverting affidavits had not been acted on at the term of court at which filed, and the court had no jurisdiction to deny the pleas of privilege.

The trial court, on September 1, 1965, by order, consolidated the 2 causes of action; and on the same date, by another order, overruled Union Carbide's motion to strike

plaintiffs' and cross plaintiff's controverting affidavits, and overruled Union Carbide's 3 pleas of privilege.

Union Carbide appeals, contending:

1) The trial court erred in overruling the pleas of privilege in the Guidry case because there is no evidence, or insufficient evidence, to show negligence on the part of Foster.

2) The trial court erred in overruling motions to strike the controverting affidavits in the Guidry case because of the long delay in having the hearing on the pleas of privilege.

Union Carbide presents no points complaining of the action of the trial court in consolidating the causes, or in overruling the plea of privilege in the Duplantis case.

Subdivision 4, Article 1995 provides that if 2 or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The venue requirements under Subdivision 4 are to plead a joint cause of action against the resident and non-resident defendants; prove the resident defendant lives in the county of suit; and prove a cause of action against the resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

■ There is evidence that Foster skidded over 47 feet from his side of the highway onto the center stripe, and that the center stripe was the point of impact. We think the evidence ample to support the implied finding of the trial court that Foster was negligent. There is no contention that the evidence does not support the implied finding that Guidry (resident defendant in the Duplantis case) was negligent, and as noted Union Carbide has made no complaint at the consolidation of the causes.

■ Union Carbide's 2nd contention is that the trial court's long delay in hearing the pleas of privilege precludes its overruling of them. The last controverting affidavit was filed 3 years and 11 months before the hearing. During this time Guidry was out of the country for some 7 months; the hearing was postponed by agreement at least once due to illness of counsel, and there are or were some 7 attorneys in the case. There is no showing of harm or damage to Union Carbide. We do not think under the record that plaintiffs and cross plaintiff waived or abandoned their controverting affidavits, or that the trial court is precluded from overruling them.

Union Carbide's points and contentions are overruled.

Affirmed.