**EXECUTIVE SPORTSMAN ASSOCIATION, Inc., Appellant,**

v.

**SOUTHWEST BANK & TRUST COMPANY, Wre Sutherland, Thomas W. High and Vann "Ripp" Martin, Appellees.**

No. 4752.

Court of Civil Appeals of Texas.

Waco.

Dec. 5, 1968.

Rehearing Denied Jan. 9, 1969.

Jenkens, Anson, Spradley & Gilchrist, Dallas, for appellant.

Thomas Hartnett, III, Irving, Albert W. Searcy, Junction, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment granting defendant Martin's plea of privilege to be sued in Kimble County.

Plaintiff Executive Sportsman's Association, brought suit in Dallas County against defendants Southwest Bank & Trust Company, Sutherland, and High, residents of Dallas County, and defendant Martin, a resident of Kimble County, for damages sustained by virtue of a wrongful execution upon property of plaintiff. Defendant Martin filed plea of privilege to be sued in Kimble County the county of his residence. Plaintiff controverted, asserting venue in Dallas County under Subdivision 4, Article 1995 Vernon's Ann.Tex.Civ.St.

After hearing without a jury, the trial court entered judgment sustaining defendant Martin's plea of privilege to be sued in Kimble County.

Plaintiff appeals, contending the trial court erred in sustaining defendant Martin's plea of privilege, and that venue is sustainable in Dallas County under subdivision 4, Article 1995 V.A.T.S.

Appellee has filed no brief.

■ Subdivision 4, Article 1995 provides that if 2 or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The venue requirements under Subdivision 4 are that plaintiff plead a joint cause of action against the resident and non-resident defendants; prove the resident defendant lives in the county of suit; and prove a cause of action against the resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Union Carbide Corp. v. Duplantis, CCA (n. w. h.) 401 S.W.2d 296; Serv-All Co. v. Minatra, CCA (n. w. h.) 397 S.W.2d 467.

The record reflects defendant Bank secured a judgment against Ed Morgan; that thereafter the Bank was informed that certain portable buildings located in Kimble County belonged to Morgan; that the Bank and its officers Sutherland and High caused a writ of execution to be issued against Morgan and levied on property belonging to plaintiff. Prior to the levy, an attorney for plaintiff notified defendants that the property involved belonged to plaintiff and not to Morgan. Nevertheless defendant Morgan, Sheriff of Kimble County, levied on plaintiff's property, sold same for $7,000, turned the $7,000 over to defendant Bank, which credited same on Morgan's note. Defendant High was present at the sale, representing the Bank.

All defendants are residents of Dallas County except Martin, who is a resident of Kimble County.

■ A judgment creditor is liable for the manner in which a Sheriff executes a writ of execution if he directs or participates, or ratifies the wrongful execution. Here defendant Bank and its officers located and pointed out the property levied on; participated by sending an officer of the Bank to the sale; and ratified the transaction by accepting the proceeds of the sale and crediting it to the debt of Morgan. And the foregoing was done when the Bank was on notice that the property did not belong to Morgan, but belonged to plaintiff. See 24 Tex.Jur.2d, p. 656; 91 A.L.R. 922; 30 Am.Jur.2d 866.

■ Plaintiff's point is sustained. Venue was established in Dallas County under Subdivision 4, Article 1995, V.A.T.S.

Reversed and rendered.