**SOUTHWESTERN WAREHOUSE COR-
PORATION, Appellant,**

v.

**WEE TOTE, INC., Appellee.**

**No. 902.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 9, 1974.

Carl T. Denson, Jr., Marcus Faubion, Houston, for appellant.

Bob A. Newman, Foster, Bratton & Newman, John J. Eikenburg, Wyckoff, Eikenburg, Dunn & Frazier, Houston, for appellee.

COULSON, Justice.

This is an appeal from an order of the county court at law granting the motion of appellee Wee Tote, Inc., to quash a pre-judgment writ of garnishment upon the sole ground that such a writ is unconstitutional. Appellant Southwestern Warehouse Corporation sued appellee to recover damages for breach of a lease. After filing suit, appellant caused writs of garnishment to be issued against Whirlpool Corporation and Frigidaire Sales Corporation. Whirlpool answered the writ, stating that it was indebted to Wee Tote. Thereafter, appellee made its motion to quash which was granted.

The question presented is whether the statutes and rules permitting prejudgment garnishment in Texas are unconstitutional as a violation of procedural due process.

Vernon's Tex.Rev.Civ.Stat.Ann. art. 4076 (1966) provides as follows:

The clerks of the district and county courts and justices of the peace may issue writs of garnishment, returnable to their respective courts, in the following cases:

1. Where an original attachment has been issued.

2. Where the plaintiff sues for a debt and makes affidavit that such debt is just, due and unpaid, and that the defendant has not within his knowledge property in his possession within this State, subject to execution, sufficient to satisfy such debt; and that the garnishment applied for is not sued out to either injure the defendant or the garnishee.

3. Where the plaintiff has a valid, subsisting judgment and makes affidavit that the defendant has not, within his knowledge, property in his possession within this State, subject to execution, sufficient to satisfy such judgment.

Rules 657–679, Texas Rules of Civil Procedure, govern the garnishment process itself. The plaintiff's application for the writ must state facts authorizing the writ and that the plaintiff believes the garnishee is indebted to the defendant or

holds effects belonging to the defendant. The plaintiff must execute a bond in double the amount of the debt claimed. After the application and bond are filed, the garnishment proceeding is docketed and the writ is issued simultaneously with the docketing. The writ is issued only to the garnishee. No provision is made in the rules for notice to the defendant of the garnishment proceeding. The defendant may replevy after giving bond in double the amount of the plaintiff's claim. After giving such a bond, the defendant can assert any defense available to the garnishee. If the garnishee answers that he is not indebted to the defendant and the plaintiff does not controvert, judgment is entered discharging the garnishee. Judgment is entered for plaintiff if the answer shows any indebtedness. If the answer is controverted, the issue of indebtedness is tried. Tex.Rev.Civ.Stat.Ann. art. 4084 (1966) provides as follows:

> From and after the service of such writ of garnishment, it shall not be lawful for the garnishee to pay to the defendant any debt or to deliver to him any effects; nor shall the garnishee, if an incorporated or joint stock company in which the defendant is alleged to be the owner of shares or to have an interest, permit or recognize any sale or transfer of such shares or interest; and any such payment or delivery, sale or transfer, shall be void and of no effect as to so much of said debt, effect, shares, or interest as may be necessary to satisfy the plaintiff's demand.

In Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), the United States Supreme Court declared unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment the Wisconsin prejudgment wage garnishment statute. Because Justice Douglas emphasized the crucial role that wages play in the economy, it remained unclear after Sniadach whether the prejudgment garnishment of non-wages was constitutional absent notice and hearing.

Three federal district courts held that the requirements of Sniadach in prejudgment proceedings were limited to wages. Reeves v. Motor Contract Company of Georgia, 324 F.Supp. 1011 (N.D.Ga.1971); Black Watch Farms, Inc. v. Dick, 323 F. Supp. 100 (D.Conn.1971); American Olean Title Company v. Zimmerman, 317 F.Supp. 150 (D.Hawaii 1970). However, three state supreme courts held unconstitutional the garnishment of property other than wages on the rationale of Sniadach. Randone v. Appellate Dept. of S. Ct. of Sacramento Co., 5 Cal.3d 536, 96 Cal.Rptr. 709, 488 P.2d 13 (1971), cert. denied, 407 U.S. 924, 92 S.Ct. 2452, 32 L.Ed.2d 811; Jones Press, Inc. v. Motor Travel Services, Inc., 286 Minn. 205, 176 N.W.2d 87 (1970); Larson v. Fetherston, 44 Wis.2d 712, 172 N.W.2d 20 (1969).

Any doubt that the constitutional requirements of notice and hearing were limited to the prejudgment garnishment of wages was resolved by Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). The Court there held the Florida and Pennsylvania prejudgment attachment statutes unconstitutional and said:

> In none of those cases did the Court hold that this most basic due process requirement is limited to the protection of only a few types of property interests. . . . The Fourteenth Amendment speaks of "property" generally. 407 U.S. at 89–90, 92 S.Ct. at 1998, 1999.

Since Fuentes, three state statutes authorizing prejudgment garnishment without notice and hearing have been declared unconstitutional. Western Coach Corporation v. Shreve, 475 F.2d 754 (9th Cir. 1973) (Arizona statute); Brunswick Corporation v. Galaxy Cocktail Lounge, Inc., 513 P.2d 1390 (Hawaii 1973); Olympic Forest Products, Inc. v. Chaussee Corp., 82 Wash.2d 418, 511 P.2d 1002 (1973). However, Roofing Wholesale Co., Inc. v. Palmer, 108 Ariz. 508, 502 P.2d 1327 (1972), held that Sniadach plus Fuentes would strike down that state's prejudgment gar-

nishment statute were it not for the fact that Fuentes was decided by a seven-man court and thus was advisory and non-binding. To the contrary, such a doctrine as to what constitutes a binding precedent from the Supreme Court has never been a part of the federal jurisprudence, *see* Carrington, The Supreme Court: The Problem of Minority Decisions, 44 A.B.A.J. 137 (1958), and the Ninth Circuit Court of Appeals subsequently declared the Arizona statutes unconstitutional in Western Coach, *supra.*

The Court in Fuentes held that the requirements of the Due Process Clause that notice and hearing be provided for in a prejudgment remedy statute specifically meant that notice must be given to the defendant and that the hearing must be held before a writ is issued and that the hearing determine the probable validity of the plaintiff's claim. 407 U.S. at 81, 97, 92 S. Ct. 1983, 32 L.Ed.2d 556. The rules of civil procedure which outline the process of prejudgment garnishment are constitutionally deficient in several respects. Rule 659 provides that the writ shall issue at the *same* time the garnishment proceeding is docketed and that the writ be directed only to the garnishee rather than to the defendant. Rule 664 allows the defendant to make any defense available to the garnishee, but none of those defenses have anything to do with the validity of the original claim. The sole test which entitles the plaintiff to judgment under Rule 668 is whether the garnishee is indebted to the defendant.

Article 4076 authorizes the issuance of both prejudgment and post-judgment writs of garnishment. The rules of civil procedure do not make this distinction in outlining the garnishment process. Sniadach and Fuentes are clearly inapplicable to post-judgment garnishment. Article 4084, which freezes property after the writ of garnishment is served, is thus the only statute or article here examined which is unconstitutional and only to the extent that it freezes property without notice and

hearing before judgment on the original claim. While this Court is reluctant to strike down a statute of such age, both the reasoning as well as the precedential effect of Sniadach and Fuentes compel the result reached here.

 It should be noted that not all prejudgment remedies which fail to provide for notice and hearing are unconstitutional. The Court in Fuentes observed that certain "extraordinary situations" justified postponing notice and the opportunity of a hearing. 407 U.S. at 90, 92 S.Ct. 1983, 32 L. Ed.2d 556. In analyzing the cases under this heading, the United States Supreme Court saw three criteria which justified dispensing with notice and hearing: the seizure implemented "an important governmental or general public interest;" there was "a special need for very prompt action;" and the state "kept strict control over its monopoly of legitimate force." The Texas prejudgment garnishment process fails in all three respects.

Affirmed.