**TEXAS COMMERCE BANK NATIONAL ASSOCIATION, Appellant,**

v.

**Fredda Bracken TRIPP et al., Appellees.**

**No. 17548.**

Court of Civil Appeals of Texas, Fort Worth.

Nov. 1, 1974.

Rehearing Denied Dec. 6, 1974.

Evans, Pharr, Trout & Jones, and Chauncey Trout, Lubbock, for appellant.

Strasburger, Price, Kelton, Martin & Unis, and Robert L. Hoffman, Dallas, for appellees.

OPINION

LANGDON, Justice.

This is a plea of privilege appeal. Appellees, plaintiffs, brought suit in Wise County, Texas, seeking damages for wrongful garnishment against the garnishor and appellant, Texas Commerce Bank, and seeking release of the impounded funds from the resident defendant, The First National Bank, Bridgeport, Texas (hereinafter called Bridgeport Bank). Appellant filed a plea of privilege which was duly controverted and, after hearing thereon, the plea of privilege was overruled, from which action appellant has appealed.

The following points are presented on appeal:

The trial court erred in overruling the Texas Commerce Bank plea of privilege for the reasons that: (1) Title 12, Section 94 of the United States Code, gives an absolute right to National banks to have all suits filed against them tried in the County of residence of the Bank; (2) the plaintiff has failed to show any waiver on the part of the Bank of its right to be sued in the County of its residence; and (3) the plaintiff failed to prove the requirements of subdivision 4 or subdivision 23 of Article 1995, Vernon's Ann.Civ.St.

We affirm.

On March 5, 1973, appellant, contemporaneously with the filing of suit against Murrell R. Tripp in his individual capacity in Lubbock, Texas, obtained a writ of garnishment before judgment from the district clerk of Lubbock County, Texas, against the Bridgeport Bank, and caused its attorney to personally travel to Wise County the following day to deliver the writ of garnishment to the Wise County sheriff, to pay the appropriate fees and to see to it that the writ was immediately served upon the Bridgeport Bank. Although appellant's attorney was familiar with holdings in the United States Supreme Court cases of Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) and Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), before he obtained the garnishment, the appellant purposefully obtained the writ and caused it to be served without any prior notice to appellees and in such a manner as to deprive them of any opportunity to be heard to challenge the legality and appropriateness thereof.

The testimony of Mr. George N. Atkinson, Executive Vice President of appellant Bank, established that the only debt which the Bank is asserting in connection with the garnishment without notice is alleged to be owing by Mr. Tripp, individually, and that there is no debt owing to the Bank by Mr. Tripp's wife, appellee Fredda Tripp. Yet the appellant garnished not only the account of Murrell R. Tripp, individually, but also extended the writ of garnishment to include, "Murrell R. Tripp, Guardian of the Estate of Mary Bonner Tripp, Murrell R. Tripp, Trustee of the Estate of Jess R. Tripp, Murrell R. Tripp, Executor of the Estate of Mary Bonner Tripp and Murrell R. Tripp, Executor of the Estate of Jess R. Tripp." Mary Bonner Tripp was the stepmother of Murrell R. Tripp for over 30 years and was living with Mr. and Mrs. Tripp in Wise County, Texas, at the time of her death on September 27, 1972.

Pursuant to the writ of garnishment before judgment, the Bridgeport Bank froze not only the account of Murrell R. Tripp ($684.95), but also the accounts of the Estate of Mary Bonner Tripp ($725.44) and the Fredda Bracken Tripp Real Estate Account ($3,082.00).

Appellees notified appellant no later than March 22, 1973, the date that plaintiff's original petition was filed in this cause, that the garnished accounts were not the property of Murrell R. Tripp, but that the accounts of Fredda Bracken Tripp consisted of her separate property and trust fund for her son, both of which were obtained before marriage. Appellant was also notified that the Estate of Mary Bonner Tripp

still has outstanding debts, taxes and attorneys' and accountants' fees to pay and that all of such claims were, of course, prior to the alleged claim of the Lubbock Bank. Thereafter, in August of 1973, appellant deposed appellee Fredda Bracken Tripp and was again informed by her that the accounts were her separate property and Mr. Tripp had no interest in them.

Nevertheless, appellant continued the freeze placed upon the accounts until after the hearing on the plea of privilege was held on January 11, 1974, some ten months after the writ was served and over nine months after appellant was so notified that it had garnished accounts of parties against whom it had not asserted a claim. In addition to the fact that appellant was aware of the Fuentes and Sniadach cases, supra, plaintiff's original petition notified it again that the garnishment without notice or opportunity for hearing was actionable.

The testimony of both Mr. Tripp and appellee, Mrs. Tripp, at the pleas of privilege hearing, emphasized that Mr. Tripp had no interest in the accounts made the subject of this suit and that the estate is unable to pay its estate taxes and other debts as a result of the garnishment. Still the appellant took the position after hearing said testimony that both the estate accounts and Mrs. Tripp's account should continue to be frozen, and that if the Bridgeport Bank were to release such funds, it would do so at its own peril.

As a result of the garnishment without notice, the appellee estate has been unable to pay its inheritance taxes, accountants' fees and attorneys' fees, and is incurring penalties for such nonpayment of taxes. In addition, Mrs. Tripp had approximately 10 to 15 checks outstanding which required approximately $1,000.00 to cover, causing embarrassment and hardship to her. As a result of the garnishment, the merchants in the town of Bridgeport and Mrs. Tripp's friends and acquaintances learned of her inability to write checks, and she was requested to pay cash for her purchases. She has been hospitalized as a result of the mental stress arising from the garnishment and has incurred other medical expenses, and has felt compelled to resign from a women's club.

It is well established that the venue provisions of 12 U.S.C., Sec. 94, were enacted for the "convenience" of banks and may be waived by the bank's conduct in the county where jurisdiction is sought to be maintained, whether such conduct occurred before or after the filing of the suit. Reaves v. Bank of America, 352 F. Supp. 745 (S.D.Cal., 1973). There the court held that a bank which allegedly wrongfully repossessed an automobile could be held accountable for the wrongful repossession in the courts of the district where it took place, even though the bank was, as here, headquartered elsewhere. In so holding the court cited with approval Michigan National Bank v. Superior Court, 23 Cal.App.3d 1, 99 Cal.Rptr. 823 (1972) as holding that, ". . . self-help under the California repossession statutes constituted a sufficient use of state process similar to the use of state courts."

In the case at bar, the appellant tied up the funds in Wise County, Texas, by personally coming to the county and delivering the citation to the sheriff for service, thus invoking the sheriff's services as an officer of the court in Wise County. Although, as is mentioned by appellant, the bank in Reaves, supra, had other branches in the district in which it was sued and had invoked use of the courts there previously.

In discussing the applicable cases the court pointed out that they ". . . involved situations where the banks had either utilized the local state courts as plaintiffs or had resorted to local law for self-help repossession statutes."

In Executive Sportsman Ass'n v. Southwest Bank & T. Co., 436 S.W.2d 184 (Waco Civ.App., 1968, writ dism.), the

court reversed the judgment of the trial court which had granted the plea of privilege of the defendant and rendered judgment on the plea of privilege in favor of the plaintiff, holding that, "A judgment creditor is liable for the manner in which a Sheriff executes a writ of execution if he directs or participates, or ratifies the wrongful execution. Here defendant Bank and its officers located and pointed out the property levied on; participated by sending an officer of the Bank to the sale; and ratified the transaction by accepting the proceeds of the sale and crediting it to the debt of Morgan (the judgment debtor). And the foregoing was done when the Bank was on notice that the property did not belong to Morgan, but belonged to plaintiff."

The court in Southwestern Warehouse Corp. v. Wee Tote, Inc., 504 S.W.2d 592 (Houston Civ.App., 14th Dist., 1974, no writ hist.), affirmed the quashing of a prejudgment writ of garnishment on the grounds that it violated due process to the extent that it froze property without notice and hearing before judgment on the original claim. The court pointed out: "Any doubt that the constitutional requirements of notice and hearing were limited to the prejudgment garnishment of wages was resolved by Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)."

Thus, in the instant case, not only is the garnishment wrongful as a matter of law, thus requiring that the *res*, the funds frozen in the bank, be released, but in addition, the action of the bank in securing the garnishment in Wise County was done willfully and with knowledge of the Supreme Court cases declaring the wrongfulness of appellant's acts. See Fort Worth National Bank v. Stiff, 482 S.W.2d 337 (Eastland Civ.App., 1972, no writ hist.) holding that the action by the bank in filing suit in Scurry County in its capacity as trustee was sufficient to waive the bank's rights under 12 U.S.C., Sec. 94.

See also County of Okeechobee v. Florida Nat. Bank, 112 Fla. 309, 150 So. 124 (1933) which held that a national bank waived its Sec. 94 venue privilege by entering into a trust agreement and contracting itself into a joint liability with a local bank.

The only claimed error of the trial court asserted by appellant, with regard to venue under exception 4, is appellant's conclusion that no cause of action was proved against the resident defendant, the Bridgeport Bank.

■■■ Since the prejudgment garnishment without notice or opportunity for hearing is, as a matter of law, wrongful, appellees are, under the authority of the Southwestern Warehouse Corp. v. Wee Tote, Inc., supra, and the Fuentes cases, supra, entitled to have the funds released or judgment in that amount against the Bridgeport Bank. Obviously, it is not necessary to assert moral wrongdoing on the part of the Bridgeport Bank in order to prove a cause of action against it. In Wee Tote, supra, the party whose monies were impounded was entitled to release of them after the garnishment was quashed. Since the funds of the estate were subject to claims of other creditors and since Mrs. Tripp's separate property accounts could not properly be garnished, appellees were entitled to the release of the funds on those additional grounds. Of course, Sec. 5.61, paragraph (a), of the Texas Family Code, V.T.C.A., provides that, "A spouse's separate property is not subject to liabilities of the other spouse unless both spouses are liable by other rules of law." As heretofore pointed out, appellant admits that Mrs. Tripp has had no dealings with it and is not liable to it for any reason. See also United States Fidelity & G. Co. v. Milk Producers Ass'n, 383 S.W.2d 181 (San Antonio Civ.App., 1964, writ ref., n. r. e.) which held that even the earnings arising from a spouse's separate property, as "special community property", may not be garnished by a judgment debtor of the other spouse.

See also Ford Motor Credit Company v. Garcia, 504 S.W.2d 931 (San Antonio Civ.

App., 1974, no writ hist.) in which the court affirmed the denial of a plea of privilege, relying on Subdivision 4, and Motor Finance Company v. Wolff, 387 S.W.2d 129 (Houston Civ.App., 1965, no writ hist.).

Appellant's sole complaint concerning venue under Subdivision 23 is its contention that no portion of appellees' cause of action against appellant arose in Wise County.

In this regard, Subdivision 23 permits suit to be maintained against a corporation " . . . in the county in which the cause of action or part thereof arose; . . . ."

■ In Fannin Bank v. Johnson, 432 S. W.2d 138 (Houston Civ.App., 1st Dist., 1968, writ dism.) the court affirmed the denial of the plea of privilege to a non-resident bank, where the plaintiff asserted that he had paid a judgment obtained in Harris County to the bank but that the bank would not release the abstract of judgment in Colorado County where he owned land. The court held that venue was properly sustained under Exception 23 because the existence of the abstract of judgment in the Colorado County Deed Records "constituted a part of the cause of action which arose in that county." Unlike our case, it does not appear from the opinion in the Fannin Bank case that any representative of the bank ever set foot in the county of suit. Considering the purposefulness of the bank's actions in this case and the nature of the damages sustained, all in Wise County, this case presents a much stronger case for sustaining venue under Section 23 than did Fannin Bank v. Johnson, supra. See also Van Waters & Rogers, Inc. v. Kilstrom, 456 S.W.2d 570 (Waco Civ.App., 1970, no writ hist.).

See Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972 (1951) stating that, "The rule is well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings."

Appellant's points of error are overruled and the judgment of the District Court is in all things affirmed.