**Robbie Gene HASKINS and wife, Karen Dawn Haskins et al., Plaintiffs,**

v.

**MONTGOMERY WARD AND COMPANY, INC., Defendant.**

Civ. A. No. 73–H–273.

United States District Court,
S. D. Texas,
Houston Division.

Feb. 1, 1977.

Ronald L. Ramey, Robert C. Maley, Jr., Sheinfeld, Maley & Kay, Houston, Tex., for plaintiffs.

Daryl Bristow, Diana Marshall, of Baker & Botts, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER:

SEALS, District Judge.

This case is before the Court for determination of whether or not this lawsuit may proceed as a class action. Plaintiffs have filed a motion requesting certification of the class pursuant to the Court's Order of September 17, 1976,[1] and Defendant has filed its response. The Court has reviewed all previous motions and briefs filed by the parties on this issue, has reconsidered its previous Orders of April 29, 1974, and August 18, 1975, and has determined that this case may not be maintained as a class action.

1. UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF TEXAS
 HOUSTON DIVISION
 SPECIAL ORDER
 (Rule 23)

Inasmuch as this case has been filed as a class action under Rule 23 of the Federal Rules of Civil Procedure, the Court now notifies the parties as follows:

As soon as the plaintiff has sufficient information he shall file a MOTION TO DETERMINE WHETHER THE ACTION IS TO BE MAINTAINED AS A CLASS ACTION that shall include the following:

CONTENT OF THE PLAINTIFF'S
MOTION
I.

A brief statement of the case.

II.

A statement defining the class Plaintiff seeks to have certified including its geographic and temporal scope.

III.

A description of Plaintiff's particular grievance and why that claim qualifies Plaintiff as a member of the class as defined.

IV.

Does the plaintiff contend that this action may be maintained under Rule 23(b)(1) _____? Under Rule 23(b)(2) _____? Under Rule 23(b)(3) _____? Explain why any section contended for is appropriate.

V.

A statement respecting the four prerequisites of Federal Rules of Civil Procedure 23(a). The statement shall set forth:

(a) The anticipated number of class members and how this number was determined.

(b) The common questions of law and/or fact involved.

(c) The reasons why Plaintiff's claim is typical of those of the other class members.

(d) The reason why representation by the named Plaintiff is adequate to protect the interests of the class. This part of the statement shall specifically answer the following questions:

(1) Is the claim of the named Plaintiff presently or potentially in conflict with that of any members of the class?

(2) Will the claims of the class require subclasses presently or in the future?

(3) What is the prior experience of counsel for the Plaintiff that would indicate capability to handle the lawsuit?

(4) Is counsel presently representing or has he at any time represented, a class in any other class action, and if so, when, and in how many instances?

(5) How many cases is Plaintiff's counsel now handling in which class action allegations are made?

VI.

A statement describing any other pending actions in any court against the Defendants alleging the same or similar causes of action.

VII.

A statement that the attorney for the named Plaintiff has discussed and thoroughly explained to the Plaintiff the nature of a class action and potential advantages and disadvantages to the named Plaintiff by proceeding in a class action rather than individually.

VIII.

A statement of the proposed notices to the members of the class and how and when the notices will be given.

IX.

A description of the extent of any settlement negotiations that have taken place and the likelihood of settlement with the named Plaintiff

Plaintiffs filed this action on behalf of themselves and all others so similarly situated (estimated to be about 220 people), alleging that Defendant, prior to notice and hearing, applied for, received and served upon various banks doing business with Plaintiffs, prejudgment writs of garnishment pursuant to Articles 4076 and 4084, Tex.Rev.Civ.Stat.Ann., and Rules 657 through 679, Tex.R.Civ.P. Plaintiffs further allege that these acts by Defendant were wanton, willful and malicious. They are seeking $5,000,000 compensatory and $5,000,000 punitive damages.

Plaintiffs argue that this action qualifies as a class action under subdivisions (b)(2) and (b)(3) of Rule 23. The Court has determined, however, that this action fails to meet the requirements of either subdivision.

## I. RULE 23(b)(2)

Rule 23(b)(2) provides that a class action under this section is appropriate when "the party opposing the class has acted or refused to act on grounds generally applicable to the class," and the representatives are seeking "final injunctive relief or corresponding declaratory relief." Plaintiffs state in Paragraph IV of their motion that "Final declaratory relief is sought with respect to the class as a whole based upon Plaintiffs' allegations that the Texas prejudgment garnishment statutes are unconstitutional."

They then state in Paragraph V that "The question as to whether or not the Texas garnishment statutes are unconstitutional has generally been foreclosed." This is in fact the case. Since the filing of this lawsuit the Texas courts have ruled on the constitutionality of the Texas prejudgment garnishment statutes. *Southwestern Warehouse Corporation v. Wee Tote, Inc.,* 504 S.W.2d 592 (Tex.Civ.App.—Houston [14th] 1975). The United States Supreme Court recently declared unconstitutional the Georgia prejudgment garnishment statutes which are similar to Texas' statutes in question here. *North Georgia Finishing Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975). No significant benefit would result if this Court chose to expend its time prosecuting a class action dealing with a constitutional issue which has already been decided.

 Further, it is apparent to the Court that the main thrust of this action is a suit for damages for wrongful garnishment. The law is clear that a suit predominantly seeking money damages does not qualify under 23(b)(2). *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 564 (2nd Cir. 1968); *Advisory Committee's Notes to Rule 23,* 39 F.R.D. 98, 102; *Walker v. City of Houston,* 341 F.Supp. 1124, 1131–32 (S.D.Tex.1972); *Robertson v. National Basketball Association,*

on an individual basis. If such a settlement is likely, include a statement specifying:

(a) Whether or not counsel have any knowledge of any person who has relied on the fact that this suit was initially filed as a class action.

(b) The manner in which counsel will protect the class in the event of settlement with the named Plaintiff on an individual basis.

X.

A statement of any other matters that the Plaintiff deems necessary and proper to the expedition of a decision on the motion and the speedy resolution of the case on the merits.

This is to remind counsel for the Plaintiff that this Court will approve the attorneys' fees as to reasonableness pursuant to the requirements in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). See *Foster v. Boise-Cascade, Inc.* (S.D.Tex.1976), 420 F.Supp. 674.

Also, the Court advises counsel seeking to have a case certified as a class action that if certification is made, this Court is in effect appointing an attorney for the members of the class and this Court has a duty to protect the interests of the class if the class interest is in conflict with the interests of the named Plaintiff.

### DEFENDANT'S RESPONSE TO THE MOTION

Within twenty (20) days after service of the Plaintiff's MOTION TO DETERMINE WHETHER THE ACTION IS TO BE MAINTAINED AS A CLASS ACTION, the Defendant shall serve and file a motion in opposition to the Plaintiff's motion or shall serve and file a notice that no opposition is contemplated to the Plaintiff's motion. A Defendant shall file a brief in support of his motion in opposition within ten (10) days after service of the motion.

After the Plaintiff has filed its motion, and after hearing from the Defendant in opposition, if the Defendant has opposed the motion, the Court will issue an appropriate order and the Clerk will issue a Docket Control Order setting the trial date and a schedule of further progress of the case.

389 F.Supp. 867, 900 (S.D.N.Y.1975), 7A Wright & Miller, *Federal Practice and Procedure*, § 1775 (1972, Supp.1976).

## II. RULE 23(b)(3)

In order to proceed under 23(b)(3) Plaintiffs must demonstrate to the Court that there are questions of law or fact common to the members of the class which *predominate* over any questions affecting only individual members. The common question which allegedly predominates in this action is "whether or not the mere utilization of the prejudgment garnishment statutes as applied by Montgomery Ward and Company, Inc. gives rise to a claim for damages *per se* without any further wrongful conduct."

 The Court is cognizant of the fact that in determining whether or not to certify a class it should not decide the merits of the lawsuit. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). However, in considering the issue of predominance it is often necessary to consider the substantive issues of the case to determine if there are elements of the cause of action which may be litigated in common and elements which will require a separate showing by each class member. See *Developments in the Law—Class Actions*, 89 Harv.L.Rev. 1504–1516 (1976). By such an analysis in this case, the Court has concluded that there is no common issue which predominates.

There is little doubt that the asserted predominant issue, whether or not use of the prejudgment garnishment statutes *per se* gives rise to a cause of action for damages, is a settled issue under the substantive law. There is no cause of action for damages in such a case without a showing that Defendant's actions were wrongful. *See Kacher v. Pittsburg National Bank*, 545 F.2d 842 (3rd Cir. 1976); *Rios v. Cessna Finance Corp.*, 488 F.2d 25 (10th Cir. 1973); *Tucker v. Maher*, 497 F.2d 1309 (2nd Cir. 1974). The Court in *Kacher, supra*, while refusing to award Plaintiff damages in a suit very similar to the instant case, made it clear that in cases where there are allega-

tions that the creditor acted with wrongful intent or an improper purpose, Plaintiff may seek to hold the creditor liable under general principles of tort law.

In this case Plaintiffs have alleged that Defendant acted with wrongful intent and they may therefore seek to hold Defendant liable in damages. But "wrongful intent" is not a common question which predominates over the individual questions pertinent to each class member. Every single case in which Ward garnished a bank account of a debtor is surrounded by separate circumstances and conduct on the part of Defendant Ward. Therefore the only issue left for the Court to decide is the fact issue of Ward's intent and manner of garnishment and that can only be done on a case by case basis.

Accordingly, since Plaintiffs have failed to demonstrate that this action should be maintained as a class action under 23(b)(2) or 23(b)(3), the class action allegations of this litigation are hereby DISMISSED.

United States District Court, E. D. Pennsylvania.