**Rex NEWSOM, Appellant,**

v.

**Jerry STARKEY et al., Appellees.**

**No. 19563.**

Court of Civil Appeals of Texas, Dallas.

Aug. 22, 1978.

B. Michael Chitty, Terrell, for appellant.

B. Bryan Leitch, III, Dallas, for appellees.

ROBERTSON, Justice.

This is an appeal from a take-nothing summary judgment on a cross-action for damages for wrongful garnishment. Jerry Starkey, et al., filed a writ of garnishment before judgment against certain garnishees owing money to Rex Newsom. After hear-

ing and before judgment on the merits, the court granted the writ. Newsom then filed a cross-action for wrongful garnishment. The trial court granted Starkey's motion for summary judgment on this cross-action. We reverse and remand.

The sole ground upon which Newsom seeks to hold the garnishors liable is that the garnishment statutes found in articles 4076 and 4084 of the Texas Revised Civil Statutes Annotated (Vernon 1966) and in Rules 657–679 of the Texas Rules of Civil Procedure are unconstitutional and thus void.[1] Consequently, he contends that the garnishors by causing his funds to be seized under such an unconstitutional statute have committed a wrongful garnishment rendering them liable for damages.

 The initial question is whether a garnishee may recover damages for wrongful garnishment where the writ was obtained pursuant to article 4084 of the Texas Revised Civil Statutes Annotated, a statute held unconstitutional on a due process basis in *Southwestern Warehouse Corp. v. Wee Tote, Inc.*, 504 S.W.2d 592, 594 (Tex.Civ. App.—Houston [14th Dist.] 1974, no writ). We hold that since article 4084 was declared unconstitutional prior to the issuance of this writ, the seizure of property under this unconstitutional statute was wrongful. Accordingly, a cause of action will lie for damages.

Appellees argue that though the writ was obtained pursuant to article 4084, since the trial judge gave the garnishee notice and a hearing, as a matter of law, the garnishment was not wrongful. We do not agree. A court cannot remedy a constitutional defect in a statute by supplying the procedure that the statute fails to provide. This principle was aptly stated by the Commission of Appeals in *International & G. N. Ry. Co. v. Mallard*, 277 S.W. 1051, 1053 (Tex.Comm'n App.1925, judgmt. adopted) as follows: " * * * The inexorable command is that a statute . . . must accord due process of law." In our view, the

notice and hearing were immaterial since as a general rule, a void statute is no law and confers no rights, bestows no power on anyone, and justifies no acts performed under it. *Sharber v. Florence*, 131 Tex. 341, 115 S.W.2d 604 (1938). Thus, no procedure for prejudgment garnishment existed that could have been utilized.

The rule is now established in Texas that if a garnishment was wrongfully issued and levied, a cause of action arises for actual damages. *O'Hara v. Ferguson Mack Truck Co., Inc.*, 373 S.W.2d 507 (Tex.Civ. App.—San Antonio 1963, writ ref'd n. r. e.). Accordingly, the judgment is reversed and remanded for trial.

GUITTARD, C. J., not sitting.

---

1. The writ was issued prior to the amendment to Rule 658 and the enactment of Rule 663a of the Texas Rules of Civil Procedure.