**SOUTHWEST METAL FABRICATORS, INC.**

v.

**INTERNACIONAL DE ACEROS, S.A.**

Civ. A. No. H–80–966.

United States District Court,
S. D. Texas,
Houston Division.

Oct. 15, 1980.

N. Wyatt Collier, Dohoney, Collier, Cartwright & Wandel, Houston, Tex., for plaintiffs.

C. Leland Hamel, Dickerson, Hamel, Early & Pennock, Houston, Tex., for defendants.

Tom Davis, Butler, Binion, Rice, Cook & Knapp, Houston, Tex., for garnishee.

### MEMORANDUM AND ORDER

CIRE, District Judge.

This case was originally filed in state court, and is before this Court pursuant to a timely removal petition. Plaintiff is a Texas corporation, defendant a Mexican corporation, and the amount in controversy is $113,002.13 in promissory notes.

Plaintiff applied for a writ of garnishment in the state court a month after the suit was filed there. Pursuant to Art. 4076, Tex.Rev.Civ.Stat., and Rule 658, Texas Rules Civ.P., the writ was issued upon plaintiff's affidavit, evidence of the debt and notes, and following an ex parte hearing before a judge. Bond was posted.

Garnishee Allied Bank of Texas, a nominal party in the removal action for diversity purposes, filed a motion in state court to quash the writ and now reurges that motion before this Court. The garnishee's standing to challenge the writ arises from its position vis a vis the defendant; if the bank honors an invalid garnishment it may well remain obligated to its depositor and thus incur a double liability. *Anderson National Bank v. Luckett*, 321 U.S. 233, 64 S.Ct. 599, 88 L.Ed. 692 (1944). Defendant Internacional de Aceros also challenges the writ.

In support of its motion, garnishee Allied Bank asserts that the current statutory scheme is unconstitutional due to the effect of *Southwestern Warehouse Corp. v. Wee Tote, Inc.*, 504 S.W.2d 592 (Tex.Civ.App. 1974). That case examined the garnishment statutes and applicable rules of civil procedure, and concluded that the due process requirements of notice and hearing were not met as required by *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820,

23 L.Ed.2d 349 (1969) (pre-judgment garnishment of wages), and *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) (pre-judgment replevin of consumer goods).

At the time of *Wee Tote*, Art. 4076 provided that a clerk of court could unilaterally issue a writ of garnishment in three circumstances, only one of which is pertinent: where a plaintiff sues for a debt and provides an affidavit stating that the debt is just, due, and owing, and that the defendant has no property in his possession sufficient to satisfy such debt. Art. 4076 established the right of garnishment, since garnishment did not exist at common law and thus is always statutory. The Rules of Civil Procedure, which expedite the business of the courts and which have the same force and effect of statutes, *Missouri Pacific Railroad Co. v. Cross*, 501 S.W.2d 868 (Tex. 1973), set out the procedural details not contained in the statute. For example, the plaintiff needed to apply for the writ by stating the facts authorizing its issuance, and was required to execute a bond for double the amount of the claimed debt. *Wee Tote, supra.* Neither the statute nor the rules required notice and a hearing, however, and the *Wee Tote* case found the garnishment process constitutionally defective in these respects.

In response to *Wee Tote*, and following the guidelines set out by the U. S. Supreme Court in *Sniadach* and *Fuentes, supra*, and *Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 614, 94 S.Ct. 1895, 1903, 40 L.Ed.2d 406 (1974), and *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 604, 95 S.Ct. 719, 721, 42 L.Ed.2d 751 (1975), the Texas Supreme Court in 1977 modified Rule 658 to require an affidavit which comports with Art. 4076 and which sets forth specific facts supporting issuance. In addition, the clerk may issue the writ only on order of the court after a hearing, which may be ex parte. The court order must make findings of fact, must specify the maximum value of property that may be garnisheed, and must establish the bond. Rule 658a permits either party to move immediately to change the bond; 663a provides for service on the defendant; 664 sets forth defendant's replevin remedy; 664a provides that "a defendant ... or any intervening party who claims an interest in such property or account" may move to dissolve the writ. By the 1977 modifications of the Rules, the Texas Supreme Court sought to cure the constitutional defects in the garnishment process.

The Texas Supreme Court derives its rule-making authority from Art. 5, § 25 of the state constitution, which authorizes the court to establish rules of procedure "not inconsistent with the laws of the State ...." Additionally, Art. 1731a, Tex.Rev. Civ.Stat., relinquishes full rule-making power to the court in civil matters provided that the rules "shall not abridge, enlarge or modify the substantive rights of any litigant." The Rules have the force and effect of statutes.

■ Garnishee Allied Bank claims that the *Wee Tote* case had the effect of eliminating the underlying statutory right of garnishment in Texas, and that without the underlying statute the State Supreme Court's subsequent Rules were an impermissible attempt to "enlarge" (i. e., create) a substantive right, in contravention of Art. 1731a. In support of this proposition, Allied draws the Court's attention to *Newsom v. Starkey*, 572 S.W.2d 29 (Tex.Civ.App. 1978, no writ), which noted that "a court cannot remedy a constitutional defect in a statute by supplying the procedure that the statute fails to provide." *Id.* at 30. That case is inapposite, however, since it deals not with the Texas Supreme Court's rule-making power but with a trial court which attempted to circumvent the defective pre-1977 garnishment process by providing, on its own, a hearing and other precautions which were not then required by statute or rule. *Newsom* should not be read as undermining the clear legislative intent that the Supreme Court draft rules which supply procedure and to that extent contribute to the overall statutory scheme.

A careful reading of *Wee Tote* makes it clear that the Texas Supreme Court was

not exercising its rule-making power in a statutory vacuum when it modified the garnishment rules in 1977. *Wee Tote* did not declare unconstitutional, and thus a nullity, Art. 4076 which establishes the garnishment remedy. The court carefully pointed out that Art. 4076 authorizes both pre-judgment and post-judgment garnishment, the latter unaffected by *Fuentes, et al.* Because the Rules failed to distinguish between the two types of garnishment, it was the Rules which were constitutionally deficient. 504 S.W.2d at 594. As for the underlying statutes, the court found that only Art. 4084, which outlined the *effect* of issuance of the writ, must be stricken, and only as applied to a pre-judgment writ. "Article 4084, which freezes property after the writ of garnishment is served, is thus the only statute or article here examined which is unconstitutional and only to the extent that it freezes property without notice and hearing before judgment on the original claim." *Id.*

With the underlying right to garnishment intact, the Texas Supreme Court properly exercised its rule-making power to control the process. As modified, the Rules meet the constitutional test; property may no longer be frozen without notice and a hearing.

■ Garnishee Allied Bank also argues that the modified Rules are inconsistent with the statute and thus violate the state constitution. The Court finds no inconsistency. The clerk of courts still issues the writ as provided in Art. 4076, but now, in the case of a pre-judgment writ, only upon written order of the court as provided in Rule 658. By establishing the procedural steps that must be followed to utilize the statute, the Rules play an interstitial role consistent with Art. 1731a which repealed "all laws ... governing the practice and procedure in civil actions" so that Rules could be enacted in their stead.

■ It is true that when a Rule conflicts with a statute, the Rule must fall. *Few v. Charter Oak Fire Insurance Co.*, 463 S.W.2d 424 (Tex.1971). But the addition of procedural steps is not the sort of conflict which faced the Court in *Charter Oak*. There Rule 39 provided that persons having a joint interest shall be made parties to a lawsuit, while Art. 4626 provided that a spouse may sue and be sued without the joinder of the other spouse. The Court found that Art. 4626 meant that a wife could sue to recover damages for personal injuries without the joinder of her husband, despite the husband's community property interest in her recovery. A similar direct conflict existed in *Drake v. Muse, Currie & Kohen*, 532 S.W.2d 369 (Tex.Civ.App.1975), where the Court found that Rules governing probate appeals to the district courts were inapplicable in light of a statute directing probate appeals to the court of civil appeals. In such a conflict the statute controls. No such conflict exists in the case before this Court; the Clerk is not forbidden from issuing the writ, nor is someone else directed to do so. Allied Bank's suggestion that only the legislature can control details of the garnishment process ignores the clear constitutional and statutory grants enjoyed by the Texas Supreme Court.

It is accordingly ORDERED that garnishee Allied Bank's motion to quash garnishment is DENIED.

Defendant Internacional de Aceros raises the same constitutional issues, and in addition challenges the actual compliance with the statute. The Court concludes that the statute was satisfied, based on the evidence offered to the state judge and the clear findings set out in the ensuing order. Accordingly, defendant Internacional de Aceros' motion to dissolve the writ is DENIED.