NUMBER 13-99-521-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ADVANTAGE AUTO
, Appellant,


v.



CONNIE PELL AND 

MICHAEL KERRY KING
, Appellees.

___________________________________________________________________


On appeal from the 135th District Court


of Victoria County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Justice Dorsey



 Advantage Auto appeals the grant of summary judgment for
Connie Pell and Michael King. We affirm.

 Connie Pell obtained a judgment against Tim McMahan in justice
court. The justice court issued a writ of execution, directing the sheriff
to execute the writ. The sheriff levied upon one of Advantage Auto's
vehicles and sold it to Michael King at a sheriff's sale. Thereafter
Advantage Auto sued Pell for wrongful execution and conversion, and
it sued King for conversion. Advantage Auto alleged that it, not
McMahan, owned the vehicle.

 Pell and King filed separate no-evidence motions for summary
judgment asserting that there was no evidence of one or more of the
essential elements of Advantage Auto's causes of action. Pell asserted
that there was no evidence to show that she caused the sheriff to levy
upon the vehicle.

 Advantage Auto filed separate responses to each motion for
summary judgment. The trial court granted summary judgment for Pell
and King, signing separate orders.

 By one point of error Advantage Auto argues that the trial court
erred by granting summary judgments for Pell and King. Under a no-evidence motion the non-moving party must present evidence that
raises a genuine fact issue on the challenged elements. Roth v. FFP
Operating Partners, 994 S.W.2d 190, 195 (Tex. App.--Amarillo 1999,
pet. denied). A judgment creditor is liable for the manner in which a
sheriff executes a writ of execution if he directs, participates in, or
ratifies the wrongful execution. Executive Sportsman Ass'n, Inc. v.
Southwest Bank & Trust Co., 436 S.W.2d 184, 185 (Tex. Civ. App.--Waco 1968, writ dism'd). See Southwestern Bell Tel. Co. v. Wilson,
768 S.W.2d 755, 760 (Tex. App.--Corpus Christi 1989, writ denied).

 Conversion is any distinct act of dominion wrongfully exerted over
another person's personal property in denial of, or inconsistent with,
that other person's right in the property, either permanently or for
indefinite time. Soto v. Sea-Road Int'l, Inc., 942 S.W.2d 67, 72 (Tex.
App.--Corpus Christi 1997, writ denied). 

 Advantage Auto produced no evidence to raise a fact issue
showing that Pell directed, participated in, ratified, or caused the
wrongful execution on the vehicle. Further Advantage Auto produced
no evidence to raise a fact issue showing that Pell or King converted the
vehicle.

 We AFFIRM the judgment.


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 21st day of December, 2000.